Filed 2/29/16  P. v. Quair CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAMMY RICHARD QUAIR,<br><br>Defendant and Appellant. | F068313<br><br>(Super. Ct. No. 13CM1205)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kings County.  Louis F. Bissig, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Poochigian, J. and Detjen, J.

Sammy Richard Quair (defendant) was charged by first amended information with possession of a firearm after having been convicted of a felony (Pen. Code,[1] § 29800, subd. (a)(1); count 1), possession of ammunition while prohibited from possessing a firearm (§ 30305, subd. (a)(1); count 2), misdemeanor exhibition of a firearm (§ 417, subd. (a)(2); count 3), and misdemeanor obstruction of a peace officer (§ 148, subd. (a)(1); counts 4 & 5). As to counts 1 and 2, it was alleged defendant had served three prior prison terms. (§ 667.5, subd. (b).) Defendant subsequently pled no contest to counts 1 through 3 and guilty as to counts 4 and 5, and admitted the prior prison term allegations. On September 6, 2013, he was sentenced to a total of five years eight months in prison. The sentence on count 1 included a one-year consecutive term for each of the prior prison term enhancements. The enhancements were again imposed, but stayed, as to count 2.

On November 4, 2014, voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (Proposition 47 or the Act), which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) The Act reduced certain felony or wobbler drug- and theft-related offenses to misdemeanors, unless committed by an ineligible defendant. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108; see § 1170.18, subd. (i).) Insofar as is pertinent here, it also provided a mechanism by which a person who had completed his or her sentence for a conviction of a felony that was made a misdemeanor by the Act, could apply to the trial court that entered the judgment of conviction and have the felony offense designated as a misdemeanor. (§ 1170.18, subds. (f), (g).)

While defendant's appeal was pending, the convictions underlying two of the prior prison term enhancements imposed in the current case were designated as misdemeanors under the Act. The issue before us is whether two of the additional one-year terms

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

2.

imposed by the trial court pursuant to section 667.5, subdivision (b), for those prior convictions must now be stricken because, subsequent to defendant's September 6, 2013, sentencing, those prior convictions were reduced to misdemeanors pursuant to section 1170.18, subdivision (f).

On appeal, we hold that a previously imposed sentence enhanced by a section 667.5, subdivision (b) prior prison term is not altered by the granting of a Proposition 47 application reducing the felony that gave rise to that prior prison term to a misdemeanor. The Act does not so operate retroactively. Nevertheless, while we conclude all three section 667.5, subdivision (b) enhancements properly were imposed, we agree with defendant that they could be imposed only once. We modify the judgment accordingly and affirm the judgment as so modified.

## DISCUSSION[2]

Section 1170.18, enacted as part of Proposition 47, provides in pertinent part:

> "(f) A person who has completed his or her sentence for a conviction … of a felony … who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

> "(g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

With respect to each felony count, the first amended information alleged, and the trial court found, upon defendant's admission, that defendant had incurred the following enhancements under section 667.5, subdivision (b): (1) A conviction for violating section 666, suffered on September 13, 1995, in Kings County Superior Court case No. 95CM1869, and (2) A conviction for violating Health and Safety Code

---

**2**     As the circumstances of the present offenses are irrelevant to the issues on appeal, we dispense with a statement of facts.

section 11377, subdivision (a), suffered on September 26, 2001, in Butte County Superior Court case No. CM015569.[3]  At the time defendant suffered those convictions, both offenses were felonies.  (Health & Saf. Code, former § 11377, subd. (a); former § 666; see § 17, subd. (b).)  Post-Proposition 47, Health and Safety Code section 11377, subdivision (a) is a misdemeanor, punishable "by imprisonment in a county jail for a period of not more than one year," unless the offender has certain specified prior convictions.[4]  According to the probation officer's report, defendant has no such prior convictions, and the Attorney General does not claim otherwise.  Petty theft, in violation of section 490, is a misdemeanor, as it is "punishable by fine … or by imprisonment in the county jail not exceeding six months, or both."  A violation of section 666 can be a misdemeanor, as it is "punishable by imprisonment in the county jail not exceeding one year, or in the state prison."  (§ 666, subd. (a).)  Thus, had the Act been in effect at the time defendant committed the violation of Health and Safety Code section 11377, subdivision (a), he could only have been convicted of a misdemeanor.  The violation of section 666 could have been deemed a misdemeanor.  (See §§ 17, subd. (b), 490.)[5]

---

**3**      The third prior prison term enhancement alleged and admitted — a conviction for violating Vehicle Code section 10851, subdivision (a), suffered on March 11, 1991, in Kings County Superior Court case No. 10087 — is not at issue on this appeal.

**4**      The prior convictions enumerated in the statute are "for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code."  (Health & Saf. Code, § 11377, subd. (a).)

**5**      Section 666 was amended by Proposition 47 to provide:  "(a) Notwithstanding Section 490, any person described in subdivision (b) who, having been convicted of petty theft, grand theft, a conviction pursuant to subdivision (d) or (e) of Section 368, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496, and having served a term of imprisonment therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, and who is subsequently convicted of petty theft, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison.  [¶]  (b) Subdivision (a) shall apply to any person who is required to register pursuant to the Sex Offender Registration Act, or who has a prior violent or serious felony conviction, as specified in clause (iv) of

4.

Subdivision (k) of section 1170.18, provides in pertinent part:

"Any felony conviction that is … designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."[6]

Defendant argues his convictions in Kings County Superior Court case No. 95CM1869 and Butte County Superior Court case No. CM015569 are now "misdemeanor[s] for all purposes" except certain firearm restrictions. (§ 1170.18, subd. (k).) He says these convictions "may not be used as prison prior enhancements because such enhancements are only for felony convictions. (Pen. Code, § 667.5, subd. (b).)"

In *People v. Park* (2013) 56 Cal.4th 782 (*Park*), the defendant's sentence for his current crimes was enhanced by five years under section 667, subdivision (a), based on his prior conviction of a serious felony. *Prior to* the defendant's commission of his current crimes, however, the trial court reduced the prior offense to a misdemeanor under section 17, subdivision (b)(3), and then dismissed it pursuant to section 1203.4, subdivision (a)(1). (*Park*, *supra*, 56 Cal.4th at p. 787.)

---

subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368. [¶] (c) This section shall not be construed to preclude prosecution or punishment pursuant to subdivisions (b) to (i), inclusive, of Section 667, or Section 1170.12."

Insofar as can be discerned from the record on appeal, defendant is not a person described in subdivision (b) of section 666. That being the case, it is unclear whether, had the Act been in effect at the time of his prior Kings County conviction, he could even have been charged with violating section 666. We need not make this determination, as it does not affect our reasoning or conclusion in the present case. Accordingly, we will assume defendant could only have been convicted of a misdemeanor had the Act been in effect at the time he incurred his prior section 666 conviction.

[6]     The specified statutes contain restrictions and prohibitions on firearm possession for certain persons.

Section 17, subdivision (b)(3) states in part, "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail …, it is a misdemeanor for all purposes … [¶] … [¶] … [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation … declares the offense to be a misdemeanor."

In *Park*, the Court of Appeal held the conviction remained a prior serious felony for purposes of sentence enhancement under section 667, subdivision (a), but the California Supreme Court disagreed: "[W]hen the court in the *prior proceeding* properly exercised its discretion by reducing the … conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony* within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (*Park*, *supra*, 56 Cal.4th at p. 787, first italics added.)

In *Park*, the reduction and dismissal occurred prior to the defendant's commission of his current crimes. (*Park*, *supra*, 56 Cal.4th at p. 787.) Here, the reduction to a misdemeanor pursuant to section 1170.18, subdivision (f), occurred *after* defendant's commission, conviction, and sentence for his current crimes. In *Park*, in response to an argument that *People v. Feyrer* (2010) 48 Cal.4th 426 and *People v. Banks* (1959) 53 Cal.2d 370 were contrary to their conclusion, the court stated: "There is no dispute that, under the rule in those cases, defendant would be subject to the section 667[, subdivision ](a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, *supra*, 56 Cal.4th at p. 802.)

The issue before us is not whether defendant's convictions and prison commitments in Kings County Superior Court case No. 95CM1869 and Butte County Superior Court case No. CM015569 can now be used to enhance a future sentence pursuant to section 667.5, subdivision (b), should defendant commit a new felony upon release from prison on his current sentence. The issue is whether defendant's current sentence, enhanced pursuant to section 667.5, subdivision (b), must be now be altered

6.

because, *subsequent to* defendant's sentencing, the convictions that gave rise to those enhancements were reduced to misdemeanors pursuant to section 1170.18, subdivision (f). In other words, does the Act operate retroactively? To make that determination, we look to the language of section 1170.18 and to voter intent.

Section 3 specifies that no part of the Penal Code "is retroactive, unless expressly so declared." This language "erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or electorate] … must have intended a retroactive application.' [Citations.] Accordingly, ' "a statute that is ambiguous with respect to retroactive application is construed … to be unambiguously prospective." ' [Citation.]" (*People v. Brown* (2012) 54 Cal.4th 314, 324.)

An "important, contextually specific qualification" to the prospective-only presumption regarding statutory amendments was set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*People v. Brown*, *supra*, 54 Cal.4th at p. 323.) That qualification is: "When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.]" (*Ibid.*, fn. omitted.)

Although *Estrada*'s language is broad, the California Supreme Court has emphasized the rule's narrowness (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1196): "*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative [or voter] act mitigating the punishment for a particular criminal offense is

7.

intended to apply to all nonfinal judgments.  [Citation.]"  (*People v. Brown*, *supra*, 54 Cal.4th at p. 324.)

The question of retroactivity is ultimately one of legislative — or, in this case, voter — intent.  (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 312-313; see *People v. Nasalga* (1996) 12 Cal.4th 784, 793.)  "To resolve this very specific retroactivity question, we apply the well[-]settled rules governing interpretation of voter intent[.]"  (*People v. Shabazz*, *supra*, 237 Cal.App.4th at p. 313.)  " 'In interpreting a voter initiative …, we apply the same principles that govern statutory construction.  [Citation.]  Thus, … "we turn first to the language of the statute, giving the words their ordinary meaning."  [Citation.] …  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  [Citation.] …  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."  [Citation.]'  [Citation.]  [¶]  In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.'  [Citation.]"  (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.)

The Act clearly was intended to lessen punishment for "nonserious, nonviolent crimes like petty theft and drug possession" (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70)[7], in order "to ensure that prison spending is focused on violent and serious offenses .…" (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 2, p. 70).  This purpose was conveyed to voters, both in the text of the then-proposed law and in the arguments supporting Proposition 47.  (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 47, p. 38; *id.*, rebuttal to argument against Prop. 47, p. 39; *id.*, text of Prop. 47, §§ 2, 3, p. 70.)

---

**7**     The voter guide can be accessed at <http://vigarchive.sos.ca.gov/2014/general/en/pdf/> [as of Feb. 29, 2016].

Nowhere, however, do the Act or the ballot materials reference section 667.5, subdivision (b) or mention recidivist enhancements, and the Act made no amendments to any such provisions.[8] Two of the Act's expressly stated purposes, however, are to "[a]uthorize *consideration* of resentencing for anyone who is currently serving a sentence for any of the offenses" that would be made misdemeanors by the Act, and to "[r]equire a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 3, subds. (4), (5), p. 70, italics added.) Voters were assured the Act would keep dangerous criminals locked up (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 47, p. 38), and that it would not require automatic release of anyone: "There is no automatic release. [Proposition 47] includes strict protections to protect public safety and make sure rapists, murderers, molesters and the most dangerous criminals cannot benefit." (*Id.*, rebuttal to argument against Prop. 47, p. 39.)

"Imposition of a sentence enhancement under … section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]" (*People v. Tenner* (1993) 6 Cal.4th 559, 563.)[9]

---

[8] Section 666 — although dealing with recidivism — is not an enhancement. (*People v. Tardy* (2003) 112 Cal.App.4th 783, 787; accord, e.g., *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1518.)

[9] Section 667.5, subdivision (b) currently provides: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence

"Sentence enhancements for prior prison terms are based *on the defendant's status as a recidivist, and not on the underlying criminal conduct*, or the act or omission, giving rise to the current conviction.  [Citations.]"  (*People v. Gokey* (1998) 62 Cal.App.4th 932, 936, italics added; see *People v. Coronado* (1995) 12 Cal.4th 145, 158-159; *People v. Dutton* (1937) 9 Cal.2d 505, 507.)  Thus, the purpose of an enhancement under section 667.5, subdivision (b) "is 'to punish individuals' who have shown that they are ' "hardened criminal[s] who [are] undeterred by the fear of prison." '  [Citation.]"  (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115.)  The enhancement's focus on the service of a prison term "indicates the special significance which the Legislature has attached to incarceration in our most restrictive penal institutions." (*People v. Levell* (1988) 201 Cal.App.3d 749, 754.)

A person who refuses to reform even after serving time in prison is clearly significantly more dangerous than someone who merely possesses drugs for personal use or shoplifts.  We cannot conclude, from the language of the Act or the ballot materials, that voters deemed such persons to be nonserious, nondangerous offenders, and so intended the Act to reach back to ancillary consequences such as enhancements resulting from recidivism considered serious enough to warrant additional punishment. Accordingly, section 3's default rule or prospective operation, and not *Estrada*'s narrow rule of retroactivity, applies.

*People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) does not lead to a different result.  In that case, the defendant was convicted in 1966 for possessing marijuana.  In

is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended.  A term imposed under the provisions of paragraph (5) of subdivision (h) of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision, shall qualify as a prior county jail term for the purposes of the one-year enhancement."

10.

1977, he sold heroin. His sentence for the 1977 offense was enhanced by one year, pursuant to section 667.5, because of his 1966 conviction. (*Flores*, *supra*, at pp. 464, 470.) On appeal, the defendant claimed the enhancement was improper under *Estrada*, because Health and Safety Code section 11357 was amended, in 1975, to make possession of marijuana a misdemeanor. (*Flores*, *supra*, at p. 470.) In agreeing with the defendant, the appellate court stated:

> "The amendatory act imposing the lighter sentence for possession of marijuana can obviously be applied constitutionally to prevent the enhancement of a new sentence by reason of a prior conviction of possession. Moreover, in the case at bench we are not confronted by legislative silence with respect to its purpose regarding penalties for possession of marijuana.

> "Effective January 1, 1976, Health and Safety Code section 11361.5, subdivision (b) was enacted to authorize the superior court, on petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976. [Citation.] In 1976, [Health and Safety Code] section 11361.7 was added to provide in pertinent part that: '(a) Any record subject to destruction … pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, *shall not be considered to be accurate, relevant, timely, or complete for any purpose by any agency or person.…* (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 … on or after the date the records … are required to be destroyed … or two years from the date of such conviction … with respect to … convictions occurring prior to January 1, 1976.…' [Citation.] ([Original italics].)" (*Flores*, *supra*, 92 Cal.App.3d at pp. 471-472.)

The appellate court found the statutory language clear and unambiguous. (*Flores*, *supra*, 92 Cal.App.3d at p. 472.) It concluded: "In view of the express language of the statute and the obvious legislative purpose, it would be unreasonable to hold that the Legislature intended that one who had already served a felony sentence for possession of

11.

marijuana should be subjected to the additional criminal sanction of sentence enhancement." (*Id.* at p. 473.) The court found the new laws constituted "a legislative declaration that the old laws were too severe for the quantum of guilt involved" (*ibid.*), and distinguished a situation in which the California Supreme Court refused to give retroactive effect to an amendment to section 17 (*Flores*, *supra*, at p. 473) in part because "[t]here was no suggestion there, as there is here, that the Legislature intended retroactive application" (*id.* at p. 474).

In *Flores*, as in *Park*, and in contrast to the present case, the current offense was committed *after* the earlier offense was reduced to a misdemeanor. Moreover, the Act contains no clear expression with respect to retroactivity as was found in *Flores*. The closest it gets is the statement, in subdivision (k) of section 1170.18, that "[a]ny felony conviction that is … designated as a misdemeanor under subdivision (g) shall be considered *a misdemeanor for all purposes*, except [specified firearm laws]." (Italics added.)

This language, the italicized portion of which is identical to that contained in section 17, subdivision (b), is not necessarily conclusive, however. (*Park*, *supra*, 56 Cal.4th at pp. 793, 794.) It has not been read to mean a defendant could avoid an imposed sentence enhancement in his current sentence by having the prior offense subsequently reduced to a misdemeanor. (*Id.* at p. 802.) Nothing in the language of the Act or the ballot materials indicates an intention to override the operation of section 667.5, subdivision (b), at least retroactively.

Defendant served a prison term for each of his prior convictions at a time those offenses were felonies. It is the service of those prison terms, coupled with defendant's continuing recidivism, that section 667.5, subdivision (b) punishes. Absent a clear statement of the electorate's intent to the contrary — which we do not find — we conclude that, because defendant served a prison term for his conviction in Kings County Superior Court case No. 95CM1869 and another prison term for his conviction in Butte

County Superior Court case No. CM015569 at a time when the offenses were felonies, and had his current sentence enhanced accordingly *before* the convictions were reduced, he is not entitled to relief.[10]

This conclusion does not render surplusage the "for all purposes" language of section 1170.18, subdivision (k). Our determination is one of the electorate's intent. "Rules such as those directing courts to avoid interpreting legislative enactments as surplusage are mere guides and will not be used to defeat legislative intent. [Citations.]" (*People v. Cruz* (1996) 13 Cal.4th 764, 782.) Moreover, "ambiguities are not interpreted in the defendant's favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent. [Citation.]" (*Id*. at p. 783.)

In view of the foregoing, defendant's sentence properly was enhanced by three 1-year terms pursuant to section 667.5, subdivision (b). As the Attorney General concedes, however, the trial court erred by attaching one set of the enhancements to count 1, and another set — based on the same prior prison terms — to count 2, even though it stayed the second set of enhancements.

A determinate term for a given offense may be lengthened by sentence enhancements. (*People v. Ahmed* (2011) 53 Cal.4th 156, 161.) " 'Section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense.' " (*People v. Williams* (2004) 34 Cal.4th 397, 402, quoting *People v. Tassell* (1984) 36 Cal.3d 77, 90 (*Tassell*).)[11] The first category focuses on a defendant's status as a repeat offender, while the second category focuses on the circumstances of the crime charged. (*People v. Williams*, *supra*, 34

---

**10** We are not presented with a situation in which there is some constitutional infirmity in the prior conviction. (See, e.g., *People v. Sumstine* (1984) 36 Cal.3d 909, 914.)

**11** *Tassell* was overruled on another ground in *People v. Ewoldt* (1994) 7 Cal.4th 380, 386-387, 401.

Cal.4th at p. 402.)  Enhancements for a prior prison term pursuant to section 667.5, subdivision (b) are status enhancements; they " 'have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence.' " (*People v. Williams*, *supra*, at p. 402; accord, *People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060 [prior prison term enhancements can be imposed only once, on aggregate sentence].)  "As *Tassell* explained, section 1170.1 draws an important distinction between offense-based enhancements, which apply to every relevant count, and status-based enhancements, which apply only once." (*People v. Sasser* (2015) 61 Cal.4th 1, 15.)

In defendant's case, the prior prison term enhancements should have been applied only once in arriving at the aggregate term.  Accordingly, we will strike the erroneously imposed second set of prior prison term enhancements attached to count 2.[12]

### DISPOSITION

The second set of Penal Code section 667.5, subdivision (b) enhancements imposed are stricken.  As so modified, the judgment is affirmed.  The trial court is directed to cause the abstract of judgment and the sentencing minute order to be amended accordingly, and to transmit certified copies of same to the appropriate authorities.

---

[12]    We note the abstract of judgment bore an incorrect case number.  This should be corrected when the abstract is modified.