[No. A025712. First Dist., Div. Five. July 17, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
VERNIS LEON JAMES, Defendant and Appellant.

**COUNSEL**

Evans D. Prieston, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KING, J.—** In this case we hold that on an appeal by the defendant in a criminal case the People cannot obtain review of a ruling staying a sentence enhancement, except to secure affirmance of the judgment. Vernis Leon James appeals from a judgment of imprisonment for robbery (Pen.

Code, § 211). We modify the judgment by striking a one-year enhancement under Penal Code section 667.5, subdivision (b), but otherwise affirm the judgment.

James and an accomplice robbed a savings and loan in 1983. James pleaded nolo contendere to one count of robbery, and on the prosecutor's motion the court dismissed two remaining robbery counts.

The information alleged two prior robbery convictions, the first occurring in Santa Clara County in April 1979 and the second occurring in San Mateo County in May 1979. Each prior was alleged under both Penal Code section 667 (five-year enhancement for prior felony conviction) and Penal Code section 667.5, subdivision (b) (one-year enhancement for prior prison term). James waived a jury trial on the prior conviction allegations.

The prosecutor presented evidence, consisting of two separate abstracts of judgment, showing two sets of convictions in two counties. The first abstract of judgment indicated that on April 5, 1979, in Santa Clara County, James pleaded guilty to two robberies, one attempted robbery, and three Vehicle Code violations, and that on June 29, 1979, the court sentenced him to imprisonment for four years and eight months. The second abstract of judgment indicated that on May 10, 1979, in San Mateo County, James pleaded guilty to three more robberies, and that on July 6, 1979, the court imposed prison terms consecutive to the terms for the Santa Clara County offenses, resulting in a total term of six years imprisonment for both sets of offenses. The court in the present case found both prior conviction allegations to be true.

The court sentenced James to the upper term of five years imprisonment for robbery. The court also imposed the five-year enhancement (Pen. Code, § 667) but stayed the one-year enhancement (Pen. Code, § 667.5, subd. (b)) for the April 1979 prior, and imposed the one-year enhancement but stayed the five-year enhancement for the May 1979 prior. The total term of imprisonment was 11 years.

■ James contends the double-the-base-term rule of Penal Code section 1170.1, subdivision (g), applies to enhancements under both Penal Code section 667 and Penal Code section 667.5, so that his sentence violated this rule. Our Supreme Court has held, however, that "section 667 was intended to impose an enhancement unlimited by the double base term rule." (*People* v. *Jackson* (1985) 37 Cal.3d 826, 837 [210 Cal.Rptr. 623, 694 P.2d 736].) Thus, there was no violation here. Imposition of the one-year enhancement in addition to the five-year term for robbery was within the double-the-base term rule (under Pen. Code, § 213 the base term for robbery is three years).

Further imposition of the five-year enhancement was not limited by that rule.

██ James correctly contends, however, and the Attorney General concedes, that the one-year enhancement must be stricken because its imposition violates the rule against double punishment. (Pen. Code, § 654.) Because the two prior commitments constituted a single prison term under section 667.5, subdivision (g), the underlying prior for the one-year enhancement overlapped with the underlying prior for the five-year enhancement. Thus, the imposition of the one-year enhancement constituted double punishment. That enhancement must be stricken.

The Attorney General requests this court to remand the cause with instructions to the trial court to impose a second five-year enhancement—for the May 1979 prior—on the basis that the trial court lacked discretion to stay that enhancement. The issue whether trial courts have discretion to strike an enhancement prescribed by Penal Code section 667 is presently before our Supreme Court in *People* v. *Fritz* (Crim. 23838, hg. granted July 12, 1984), *People* v. *Olsaver* (Crim. 23979, hg. granted Sept. 13, 1984), and other cases.

This issue is not properly before this court in the present case. ██ The People have the right to appeal the stay of a sentence enhancement purportedly mandated by the Legislature. (*People* v. *Gaines* (1980) 112 Cal.App.3d 508, 511-514 [169 Cal.Rptr. 381].) They chose not to do so here. Thus, the People may now obtain review of rulings adverse to the prosecution solely for the purpose of securing affirmance of the judgment, and not otherwise as to matters which could have been raised on appeal by the People. (*People* v. *Braeske* (1979) 25 Cal.3d 691, 698-701 [159 Cal.Rptr. 684, 602 P.2d 384], vacated (1980) 446 U.S. 932 [64 L.Ed.2d 784, 100 S.Ct. 2147], reiterated (1980) 28 Cal.3d 86 [168 Cal.Rptr. 603, 618 P.2d 149], cert. den. (1981) 451 U.S. 1021 [69 L.Ed.2d 395, 101 S.Ct. 3015]; *People* v. *Burke* (1956) 47 Cal.2d 45, 54 [301 P.2d 241]; *People* v. *Zelver* (1955) 135 Cal.App.2d 226, 236-237 [287 P.2d 183].) The People here seek review of the five-year enhancement issue not to secure an affirmance—they expressly concede that the judgment must be modified by striking the one-year enhancement—but to secure additional punishment which could have been pursued by a People's appeal. This is impermissible.[1]

---

[1]The Attorney General cites three decisions for the proposition that an unauthorized sentence may be corrected at any time. (*People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 45, 512 P.2d 289], disapproved on another point in *People* v. *Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144]; *Wilson* v. *Superior Court* (1980) 108 Cal.App.3d 816, 818 [166 Cal.Rptr. 795]; *People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 68 [159 Cal.Rptr. 894].) This rule, however, applies only when the error

The judgment is modified by striking the one-year enhancement under Penal Code section 667.5, subdivision (b), and in all other respects is affirmed.

Low, P. J., and Haning, J., concurred.

---

is "appropriately" brought to the attention of the appellate court. (*People* v. *Espinoza, supra,* at p. 68; accord, *Wilson* v. *Superior Court, supra,* at p. 818.) Because the People did not here appeal, the purported sentencing error has not been "appropriately" brought to this court's attention.