[No. F010599. Fifth Dist. Dec. 20, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY ALBERT MEDINA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II through VI.

**COUNSEL**

John Francis Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GALLAGHER, J.*—**

## INTRODUCTION

Defendant, Roy A. Medina, was found guilty of first degree burglary (Pen. Code §§ 459 & 460, subd. 1).[1] The defendant waived a jury trial on the truth of five prior convictions. The prior convictions were each found true by the trial court. The defendant was sentenced to the middle base term of four years. The trial court added a five-year enhancement for a prior serious

---

* Assigned by the Chairperson of the Judicial Council.
[1] All statutory references are to the Penal Code.

felony (§ 667) and two one-year enhancements for two separate confinements in prison (§ 667.5). The total sentence was 11 years.

## DISCUSSION

### I.

#### ENHANCEMENT

In this appeal we hold that a single previous prison commitment for two or more serious felony offenses may serve as the basis for sentence enhancements pursuant to both section 667 and section 667.5. The information filed against the defendant alleges that he committed five prior felonies. Four of these prior felonies occurred in 1977 and resulted in a concurrent prison term. The offenses were three separate robberies and one grand theft. The fifth prior felony was a forgery that occurred in 1982 resulting in a prison commitment. The deputy district attorney wanted the first and second robberies to be used for different purposes. The first was to be used as a five-year enhancement under section 667. The second was to be used as a prior prison commitment for a one-year enhancement under section 667.5. There is no dispute that both convictions were served as part of a single sentence imposed in 1977. The third robbery and grand theft priors were not alleged under any particular Penal Code enhancement statute but were used by the trial court to find the defendant ineligible for probation.

The trial court imposed a five-year enhancement for the first prior conviction of robbery under section 667. A one-year enhancement for the second robbery was imposed pursuant to section 667.5. An additional one-year enhancement was imposed for the prison term served in 1982 for forgery. The defendant claims that the enhancements imposed for the two 1977 robbery convictions violated section 654 as an improper double punishment for a single crime.[2]

In *People* v. *James* (1985) 170 Cal.App.3d 164, 167 [216 Cal.Rptr. 24], the deputy attorney general conceded that the one-year enhancement constituted double punishment pursuant to section 654. (*Id.* at p. 167.) The Attorney General's office now eschews its position in *James* as improvident. We agree with the Attorney General that under the facts of the instant action there is no violation of the prohibition against double punishments

---

[2] Section 654 states as follows: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

set forth in section 654. We find that the underlying purposes of sections 667 and 667.5, subdivision (b) are different.[3]

The issue we face is whether section 667 supersedes and overrides section 667.5 where there are multiple convictions being served together during a single sentence. We hold that it does not.

■ The purpose of section 667 is to punish repeat offenders regardless of whether they were imprisoned for their previous felony. An offender who was placed on probation for conviction of a prior serious felony could have his or her sentence enhanced for five years under section 667, subdivision (b) even though the offender never served a day in prison. ■ The purpose of section 667.5, subdivision (b) is to impose a one-year enhancement to the offender's sentence for each separate term of imprisonment served as a continuous period of time by the offender. Section 667.5, subdivision (b) mandates imposition of the enhancement ". . . in addition and consecutive to any other prison terms . . . ."

■ We note that the trial court here did not impose both a section 667 and a section 667.5 enhancement based upon a single conviction of one count of robbery for which the defendant served a prison sentence. Had this occurred, then section 654 would arguably apply and the *James* analysis could still have vitality.

The trial court here, however, did not use the same underlying facts to twice enhance the defendant's sentence in violation of section 654. Instead, the trial court enhanced the defendant's sentence for a serious prior felony pursuant to section 667 based upon one conviction of robbery. The section

---

[3] In relevant part, sections 667 and 667.5 state: "[667] (a) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

"[667.5] (b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

". . . . . . . . . . . . . . . . . . . . . .

"(g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from incarceration."

667.5 enhancement was applied to a separate and distinct conviction of robbery based upon different facts. This does not violate the bar of section 654 against multiple punishments for the same criminal act. For this reason we decline to follow *People* v. *James, supra,* 170 Cal.App.3d 164, 167.

The rationale for the defendant's argument must come from sections 667 and 667.5 themselves. Nothing in section 667 prevents additional enhancement based upon other code sections that may apply to a particular case. Under section 667.5, subdivision (b), additional enhancements for prior prison sentences may only be served for ". . . each prior separate prison term served for any felony; . . . Section 667.5, subdivision (g) defines a prior prison term as a "continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, . . .""

We note that sections 667 and 667.5 are not part of an integrated statutory scheme. Section 667 was enacted by passage of a voter initiative, Proposition 8, on June 8, 1982. Section 667.5 was enacted by the Legislature in 1976 and it has been amended seven times since then.

The policies of each section are distinct. The purpose of section 667 is to impose greater punishment upon recidivists who commit serious felonies. The purpose of section 667.5 is to impose additional punishment upon a felon whose prior prison term failed to deter him or her from *future* criminal conduct.

 The terms used in a statute are to be given their commonly accepted meaning as understood by people of ordinary intelligence. (*People* v. *Davis* (1968) 68 Cal.2d 481, 483-485 [67 Cal.Rptr. 547, 439 P.2d 651]; *Los Angeles* v. *Silver* (1979) 98 Cal.App.3d 745, 751 [159 Cal.Rptr. 762].) All the provisions of a statute are to be construed with a fair import of its terms to effect the objects of the statute and to promote justice. Specific provisions should be construed with reference to the entire statutory system of which it is a part. (See *Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 487, 489 [134 Cal.Rptr. 630, 556 P.2d 1081]; § 4.)

 Using these principles of statutory construction, we find that the obvious intent of section 667.5 is to count each period of confinement in prison as one that can be used as an enhancement, not to enhance a defendant's sentence more than once for a single prison confinement where there were multiple counts. Under the plain meaning of the words used in subdivision (g), it is clear that this defendant's sentence could not be enhanced twice under section 667.5 for the single term of confinement he served for the two robberies.

Subdivision (g) is not fairly susceptible to any other construction. Looking to the entire statutory system, it is also clear that section 667.5 was not intended to bar a trial court from using both a section 667 enhancement and a section 667.5 enhancement where each underlying offense was served as part of one prison term of confinement. ■ The plain meaning of section 667.5, subdivision (g) is to prevent multiple one-year enhancements under section 667.5 itself where the offender has served one period of prison confinement, or block of time, for multiple offenses or convictions. Extra section 667.5 enhancements may only be added for additional periods of prison confinement.

■ It is also assumed that the Legislature has existing laws in mind when it passes a statute. (*Estate of McDill* (1975) 14 Cal.3d 831, 837-839 [122 Cal.Rptr. 754, 537 P.2d 874].) We note that the Legislature amended section 667.5 four times after Proposition 8 was passed and that it has not yet chosen to limit the use of section 667 enhancements extracted from a term of prison confinement for which a section 667.5 enhancement was imposed.

■ Where a statute is susceptible to two reasonable constructions, a defendant is usually entitled to the construction most favorable to him. (*Bowland* v. *Municipal Court, supra,* 18 Cal.3d 479, 488.) ■ This rule of construction does not support the defendant's position here because any other interpretation of section 667.5, subdivision (g) would defeat the intent of both the voters and the Legislature to punish two separate classes of criminal offenders: those who repeatedly commit serious felonies and those who are not deterred from committing crimes after confinement in prison.

The trial court here used one count of robbery to enhance under section 667. It used the second robbery count to add an enhancement for the prison term served by the defendant which was permitted under section 667.5. The trial court did not twice enhance the defendant's single sentence for the two robberies. Such a sentence would not be permitted under subdivision (g) of section 667.5. No language in either section 667 or in section 667.5 prevents the trial court from using two separate counts for different sentencing objectives. By the express terms of section 667.5, subdivisions (b) and (g), only another enhancement for a different conviction being punished by the same term of confinement cannot be enhanced by section 667.5.

The trial court acted well within its discretion in sentencing the defendant pursuant to both sections 667 and 667.5, especially where the underlying crimes used for each enhancement were separate and distinct. The appellant's assertion of sentencing error based upon *People* v. *James, supra,* is rejected.

II.-VI.*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting, P. J., and Ardaiz, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 16, 1989.

---

* See footnote, *ante,* page 986.