[No. C003189. Third Dist. Apr. 5, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKIE ALLEN VAUGHN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

COUNSEL

Raymond L. Girard, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Joel Carey and Janet Neeley Kvarme, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CARR, Acting P. J.—

INTRODUCTION

After a jury trial, defendant was convicted of first degree burglary (Pen. Code, § 459)[1] and the court found he had previously been convicted of a

---

[1] Further statutory references to sections of an undesignated code are to the Penal Code.

serious felony (burglary of an inhabited dwelling in Placer County) under sections 667 and 1192.7, subdivision (c) and served a prior prison term (burglary in Sacramento County) under section 667.5, subdivision (b). He received the midterm sentence of four years for the burglary, five-year enhancement for the section 667 prior conviction and a one-year enhancement for the section 667.5 prior prison term for a total sentence of ten years.

On appeal defendant contends: (1) the court failed to exercise its discretion on the record when determining the relevancy of defendant's prior convictions for impeachment purposes; and (2) section 654 was violated when the court imposed both enhancements for prison terms that were served concurrently. On the first issue, defendant made no objection to the trial court's failure to exercise its discretion and to weigh the relevancy of his prior convictions. On the second, we do not find defendant's sentence was improperly enhanced for a prior serious felony conviction and a prior prison term when the time for each was served concurrently. In the published portion of this opinion we treat the second contention. In the unpublished portion we consider the first.

I*

. . . . . . . . . . . . . . . . . . . . .

II

Defendant's claim of violation of section 654 is likewise devoid of merit. Section 654 prohibits multiple punishment for the same act and in appropriate cases has been applied to multiple enhancements. (See *People* v. *Moringlane* (1982) 127 Cal.App.3d 811, 817 [179 Cal.Rptr. 726]—three enhancements cannot be imposed for the single act of inflicting great bodily injury upon one person and *People* v. *Miller* (1977) 18 Cal.3d 873, 887 [135 Cal.Rptr. 654, 558 P.2d 552]—only one enhancement for use of a firearm may be imposed when three crimes committed almost simultaneously against one victim; *People* v. *Carter* (1983) 144 Cal.App.3d 534 [193 Cal.Rptr. 193]—one prior rape conviction cannot be used four times to enhance multiple forcible sex offenses committed against the same victim.) This case is not such an appropriate case.[2]

---

*See footnote, *ante,* page 398.

[2] We note there is a split of authority among the appellate districts as to whether section 654 applies to enhancements. In *People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629], the court held "Section 654, which precludes multiple punishment for a single offense or course of conduct is inapplicable to enhancements" on the basis that enhancements do not define a crime or offense but relate only to the penalty to be imposed. *People* v.

 Defendant committed a burglary of an inhabited dwelling in Placer County in February 1981. He committed another burglary in Sacramento County in March 1981. He was sentenced for the Placer County burglary in January 1982 after a plea of guilty. The Sacramento County sentence was to run concurrently with the Placer County sentence. Defendant urges that service of the two prison terms concurrently precludes imposition of two separate enhancing terms and the court violated section 654 when it sentenced him to two enhancements.

In *People* v. *James* (1985) 170 Cal.App.3d 164 [216 Cal.Rptr. 24], the court held imposition of a five-year prior serious felony enhancement for one offense and a one-year prior prison term enhancement for another offense violated section 654 when time for the two offenses had been served concurrently. In our view, *James* was wrongly decided based on an improvident concession by the Attorney General and we decline to follow the ruling or the reasoning.

The error in *James* is in its assertion that "the underlying prior for the one-year enhancement overlapped with the underlying prior for the five-year enhancement. Thus, the imposition of the one-year enhancement constituted double punishment." (170 Cal.App.3d at p. 167.)

Section 654 provides in relevant part: "An *act* or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ."

Section 667 states: "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. . . ."

Section 667.5, as pertinent herein, states: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

"(b) [W]here the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the

---

*Moringlane, supra,* 127 Cal.3d 811, disagreed with *Boerner* and held section 654 prohibited imposition of two great bodily injury enhancements from a single act of the defendant committed on one victim. See also *People* v. *Miller, supra,* 18 Cal.3d 873, 887. As stated in *Moringlane* "section 654 proscribes multiple punishment for the same act unless the act constituted a crime against several persons." (127 Cal.App.3d at p. 817.)

court shall impose a one-year term for each prior separate prison term served for any felony; . . ."

The reasoning in *People* v. *James, supra,* is flawed in that a serious felony enhancement under section 667 depends solely on the nature of the felony conviction irrespective of whether a prison term was served. (*People* v. *Traina* (1985) 168 Cal.App.3d 305, 308 [214 Cal.Rptr. 213].) Under section 667.5, the service of a prior prison term is the critical event which triggers imposition of an additional one-year term. Under section 667, the "act" within the meaning of section 654 for prior conviction enhancements is the conviction. Under section 667.5, the enhancement requires service of a prison term and the "act" is the conviction *plus* service of the prison term. In this case, there were two separate acts: (1) the *conviction* of a serious felony within the meaning of section 667 in Placer County on December 18, 1981; and (2) the conviction of an unrelated felony, burglary, on January 7, 1982, in Sacramento County *and* the *service* of a prison term within the meaning of section 667.5. That the prison term for 1981 serious felony conviction "overlapped" the section 667.5 prison term imposed for the 1982 burglary is immaterial as defendant's sentence was enhanced by two entirely separate "acts."

Nor does *People* v. *Hopkins* (1985) 167 Cal.App.3d 110 [212 Cal.Rptr. 888] assist defendant in his quest for a reduced sentence. *Hopkins* simply holds that section 654 "generally proscribes punishing the same act twice under different enhancement statutes." (P. 117.) In short, the same prior cannot be used to impose both a five-year enhancement and a one-year enhancement. The prior is one "act" only within the purview of section 654. That situation is not present herein when there are two separate crimes, two separate prior convictions and perforce two separate acts.

In a final throwaway contention without analysis or citation of authority, defendant asserts the prison term served for the Sacramento County conviction of burglary, "which served as the basis for the enhancement allegation under section 667.5, subdivision (b), cannot be viewed as a 'prior *separate* prison term served,' . . ." If defendant is contending his term was enhanced for two prior prison terms under section 667.5, that is unequivocally not this case. Defendant's sentence was enhanced for a prior serious felony under section 667 and a prior conviction with a prison term under section 667.5 for two separate crimes or acts. In *People* v. *Burke* (1980) 102 Cal.App.3d 932, 942-943 [163 Cal.Rptr. 4], the Second District held imposition of two enhancements under section 667.5 for two prior prison terms for separate offenses but served concurrently was invalid as defendant had in fact served only one prior prison term. Basing its ruling on the statutory language of section 667.5, subdivision (g) which defined a " 'prior separate

prison term'" as "'a *continuous* completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes'" the court stated: "The term 'continuous' obviously refers to the continuity of the imprisonment, which is unaffected by the temporal coincidence of the sentencing." (P. 943.) Again, this is not the case before this court and it is unnecessary for us to consider or decide the issue of whether two prior prison terms imposed at different times but served concurrently constitute one or two enhancements within the meaning of section 667.5.

### DISPOSITION

The judgment is affirmed.

Sparks, J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 29, 1989.