Filed 3/28/16  P. v. Cooper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078205 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F03880) |
| v. | |
| BILLIE LEE COOPER, | |
| Defendant and Appellant. | |

Defendant Billie Lee Cooper was sentenced to an aggregate term of 84 years to life for offenses that included throwing a Molotov cocktail into the bedroom of his ex-girlfriend.  On appeal, he contends the trial court erred in imposing certain one-year prior prison term enhancements, arguing three of the enhancements must be struck because they arose from prior prison terms that were served consecutively.  The People concede the error because multiple sentences of incarceration served consecutively or

1

concurrently give rise to only a single prior prison term enhancement, under Penal Code section 667.5, subdivision (b);[1] we will strike the enhancements as improper.

## PROCEDURAL BACKGROUND

A jury convicted defendant of arson (§ 451, subd. (b)—count one); possessing an explosive device (§ 18715, subd. (a)(3)—count two); attempted criminal threats (§ 664/422—count three); attempted oral copulation (§ 664/288a, subd. (c)(2)—count four); and misdemeanor battery (§ 243, subd. (e)(1)—count five). The trial court found that defendant had three prior strikes: convictions for burglary and assault with a deadly weapon with great bodily injury in 1999 and a conviction for second degree robbery in 2008. Defendant served the two terms for the 1999 convictions consecutively.

For each felony count, the trial court imposed an indeterminate term of 25 years to life plus three one-year enhancements, under section 667.5, subdivision (b), for defendant's three prior prison terms. The court then stayed imposition of sentence for count two, possession of a destructive device, under section 654. For the misdemeanor battery count, the court imposed a one-year term to run concurrently. In total, the court imposed an aggregate term of 84 years to life (28 years to life, each, for counts one, three, and four).

## DISCUSSION

On appeal, defendant contends the trial court erred in imposing three of the nine one-year enhancements, under section 667.5, subdivision (b). He reasons that the court erroneously imposed, on each felony count, two one-year enhancements for the two prior terms that were served consecutively. Accordingly, one one-year enhancement must be struck for each count. The People concede error, and we agree.

---

1 Undesignated statutory references are to the Penal Code.

Section 667.5, subdivision (b) imposes a one-year enhancement "for each prior separate prison term . . . imposed . . . for any felony." A prior separate prison term is "a continuous completed period of prison incarceration imposed for the particular offense alone or *in combination with concurrent or consecutive sentences for other crimes . . . .*" (§ 667.5, subd. (g), italics added.) Accordingly, only one one-year enhancement may be imposed for a sentence comprised of consecutive or concurrent terms. (*People v. Carr* (1988) 204 Cal.App.3d 774, 779 ["a defendant serves a single *term* in state prison notwithstanding that the term consists of several separate sentences attributable to different convictions"]; *People v. James* (1985) 170 Cal.App.3d 164, 167 [two prior commitments served consecutively constituted a single prison term under § 667.5, subd. (g)].)

Here, defendant served his terms for the two 1999 convictions—for burglary and assault with a deadly weapon—consecutively. Accordingly, that sentence gives rise to a single one-year enhancement under section 667.5, subdivision (b). Thus, the trial court erred in imposing two one-year enhancements on each felony count, for that prison sentence.

Finally, although defendant challenges only the enhancements imposed on the nonstayed felony counts (counts one, three, and four), the erroneous enhancement imposed on the stayed count (count two) must also be struck. Accordingly, we strike one one-year enhancement on each felony count, yielding an aggregate term of 81 years to life.

### DISPOSITION

The judgment is modified to strike one one-year enhancement on each felony count—counts one through four (including the count stayed under § 654). The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to

3

the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

                                           _____BUTZ_____, J.

We concur:

_____HULL_____, Acting P. J.

_____DUARTE_____, J.

4