Filed 4/18/16  P. v. Price CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MICHAEL LEE PRICE,<br><br>　　　Defendant and Appellant. | D068238<br><br><br>(Super. Ct. No. SCD255280) |

APPEAL from judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed as modified.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

After a bench trial, the trial court convicted Michael Lee Price (aka Michael Lee Knighton), of four counts of a lewd act upon a child (Pen. Code, § 288, subd. (a), counts 1-4),[1] and one count of contacting a minor with the intent to commit a sexual offense (§ 288.3, subd. (a), count 5). The trial court sentenced Price to an indeterminate sentence of 125 years to life, plus a determinate sentence of 29 years. Price contends that a one-year term imposed for one of his prison priors under section 667.5, subdivision (b) must be stricken because the court made impermissible dual use of the same burglary conviction to support both a five-year serious felony prior enhancement and a one-year prison prior enhancement. Price further contends, and the People concede, that the trial court improperly imposed a five-year serious felony prior enhancement under section 667, subdivision (a) to the aggregate indeterminate term. We affirm the judgment, but modify the sentence to strike the five-year serious felony prior term imposed by the trial court to the aggregate indeterminate term.

## FACTUAL AND PROCEDURAL BACKGROUND

Price created an advertisement on Craigslist seeking to have sex with young Asian males. Price received a response to the ad and began communicating with Jeremy R. through e-mail and Facebook messaging. Jeremy told Price he was 13 years old. Price arranged for the two to meet at a store near his home. Price and Jeremy walked back to Price's apartment, where they repeatedly engaged in oral and anal sex. After Jeremy's mother discovered the communications between Jeremy and Price, she contacted

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

Jeremy's school and the police. During the ensuing investigation, the police recorded a call that Jeremy placed to Price, in which Price agreed to meet Jeremy again.

Price was arrested and charged with four counts of a lewd act upon a child and one count of contacting a minor with the intent to commit a sexual offense. Each count included allegations under section 1203.066, subdivision (a)(3) and (8).[2] The information also alleged Price had suffered four prison priors under sections 667.5, subdivision (b), and 668; two serious felony priors under sections 667, subdivision (a)(1), 668, and 1192.7, subdivision (c); and two strike priors under sections 667, subdivisions (b)-(i), 668, and 1170.12.

After the bench trial, the trial court found Price guilty of all five counts. Price admitted four prison priors, two serious felony priors, and two strike priors. The fourth prison prior was supported by multiple offenses based on five separate convictions: one for forgery on September 2, 1987, in case number CR89545, two for two separate burglaries on June 6, 1988, in case number CR94123, one for unauthorized use of computers on June 6, 1988, in case number CR94413, and one for escape from a work furlough facility on December 2, 1991, in case number CR127762. The trial court sentenced Price to 125 years to life, plus a consecutive sentence of 29 years for the

---

[2] Section 1203.066, subdivision (a)(3) provides, notwithstanding other statutory provisions, a person convicted of "a violation of Section 288 or 288.5 and who was a stranger to the child victim or befriended the child victim for the purpose of committing an act in violation of Section 288 or 288.5, unless the defendant honestly and reasonably believed the victim was 14 years of age or older," shall not be granted probation.

Section 1203.066, subdivision (a)(8) provides, notwithstanding other statutory provisions, a person "who, in violating Section 288 or 288.5, has substantial sexual conduct with a victim who is under 14 years of age," shall not be granted probation.

enhancements. The indeterminate sentence was composed of five consecutive terms of 25 years to life on counts 1 through 5. The trial court imposed four five-year enhancements on counts 1 through 4 for Price's serious felony priors, for a total of 20 years, and imposed four one-year enhancements for four prior prison terms on count 5, adding another four years to Price's sentence. The trial court also imposed an additional five-year serious felony prior enhancement to the entire aggregate indeterminate term under section 667, subdivision (a)(1).

## DISCUSSION

Price contends that the trial court impermissibly made dual use of the same serious felony burglary convictions to support both the fourth one-year prior prison term enhancement under section 667.5, subdivision (a) and the serious felony enhancement under section 667.5, subdivision (b).

### A. *Legal Standard*

Price's claim requires us to construe section 667.5, subdivisions (b) and (a), and thus raise issues of statutory interpretation. We apply a de novo standard of review. (*Doe v. Brown* (2009) 177 Cal.App.4th 408, 417.) The provisions of the Penal Code "are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (§ 4.) In construing a statute that was part of an initiative, "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure." (*In re Littlefield* (1993) 5 Cal.4th 122, 130.) To do that, we first examine the language of the statute. (*Ibid.*) If the statutory language is clear and

4

unambiguous, we generally must apply the statute according to its terms without resort to other indicia of the voters' intent. (*People v. Jones* (1993) 5 Cal.4th 1142, 1146 (*Jones*).)

Section 667.5, subdision (b) authorizes the court to impose a one-year term for "each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony." Under section 667.5, subdivision (g), a "prior separate prison term . . . shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes."

Under section 667, subdivision (a)(1), "any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." Furthermore, "[a]s used in this subdivision, 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7." (§ 667, subd. (a)(4).)

The underlying purposes of sections 667.5, subdivision (b) and 667, subdivision (a) are different. (*People v. Ruiz* (1996) 44 Cal.App.4th 1653, 1668 (*Ruiz*).) "The purpose of section 667, subdivision (a) is to visit greater punishment on recidivists who commit serious felonies, while section 667.5, subdivision (b) was intended to provide for additional punishment of the felon whose prior prison term failed to deter him or her from future criminal conduct." (*Ruiz*, at p. 1668, citing *People v. Medina* (1988) 206 Cal.App.3d 986, 991.) When a five-year serious prior felony and a one-year prior prison

5

term enhancement are supported by the same prior offense, only the greatest enhancement applies. (*Jones*, *supra*, 5 Cal.4th at p. 1150.) However, an enhancement under section 667.5, subdivision (b) does not prevent the court from also imposing an enhancement under section 667, subdivision (a), if the enhancements are based on different underlying convictions. (*Ruiz*, at p. 1671; see also *People v. Irvin* (1991) 230 Cal.App.3d 180, 189-190 ["A defendant may be sentenced for a prior serious felony conviction and then also sentenced for a prior prison term for a different prior offense even though the convictions occurred at the same time and the sentences were served together."].)

B. *The court properly imposed sections 667, subdivisions (a) and (b) enhancements because they were supported by multiple convictions*

Price relies on *Jones*, *supra*, 5 Cal.4th at p. 1150, where the trial court improperly used the same felony conviction to support both a serious felony enhancement for a prior serious felony under section 667.5, subdivision (b) and a prison prior under section 667.5, subdivision (a). Use of a single serious felony conviction to support two enhancements constituted an impermissible dual use because one serious felony conviction may properly support only one recidivist enhancement. (3 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Punishment, § 413, p. 639.) In cases such as *Jones*, where one prior is used to support multiple enhancements, only the greatest will apply. (*Ibid*.) However multiple enhancements can be imposed under both section 667, subdivisions (a) and (b), based on multiple convictions that are part of the same prison term. (See, e.g. *Ruiz*, *supra*, 44 Cal.App.4th at pp. 1666-1660.)

As we detailed *ante,* Price's fourth prison prior is supported by multiple offenses, i.e., five different convictions in four separate cases including two separate burglaries in one case, and one additional case for each of the three other felony convictions for forgery, unauthorized use of computers, and escape from a work furlough facility. In contrast to the situation in *Jones*, in addition to the two burglary convictions that supported the serious felony prior allegation under section 667.5, subdivision (a), there were three other offenses available for sentence enhancement under section 667.5, subdivision (b), to support the fourth prior prison term enhancement.

The trial court did not specify which of the five convictions it used as a basis for the prison prior enhancement. As we have stated, enhancements can be imposed under both section 667, subdivisions (a) and (b), based on multiple prior convictions. (*Ruiz*, *supra*, 44 Cal.App.4th at pp. 1666-1669; see also *People v. Brandon* (1995) 32 Cal.App.4th 1033, 1055 [finding *Jones* inapposite and allowing the court to split multiple (two) serious felonies in the same case so that one could be used to support a serious prior felony enhancement and the other to support a one-year prison prior enhancement].) In the absence of a showing to the contrary, the trial court is presumed to have acted to achieve legitimate sentencing objectives. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.) Thus, we must assume that the trial court relied on different convictions to support each of the two enhancements for a serious felony prior and a prior prison term. Accordingly, the court did not err; it properly used the serious burglary felonies to support the section 667.5 subdivision (a) serious prior felony enhancement, and one of the three remaining felonies to support the one-year section 667.5, subdivision

(b) prison prior, or the court could have split the two burglary priors so that each separate burglary conviction supported one enhancement.[3]

## II

Price asserts, and the People concede, that the five-year enhancement added to the indeterminate term should be stricken.

As noted, under section 667, subdivision (a)(1), ". . . any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."

Enhancements under section 667, subdivision (a)(1) may be added to either individual indeterminate sentences or the aggregate term of a determinate sentence. The statute does not authorize the trial court to do both. (*People v. Sasser* (2015) 61 Cal.4th 1, 12-13; *People v. Williams* (2004) 34 Cal.4th 397, 400, 402). Here, the trial court imposed a five-year serious felony enhancement for each indeterminate sentence (counts 1 through 4) and a fifth five-year serious felony enhancement to the aggregate total term. The record is clear that this fifth serious felony enhancement was not related to any

---

3  In his reply brief Price tacitly concedes that the trial court could have properly elected to base the prison prior on a one of the three nonserious felonies. He contends that we should remand the case to allow the trial judge to clarify that determination. We decline his suggestion. Clearly the trial judge intended to impose the additional one-year prior prison enhancement based on the fourth prison prior, and, as we stated *ante,* we presume the trial court acted with legitimate sentencing objectives. (*People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th at pp. 977-978.)

specific offense.  Rather, it was imposed generally on top of the entire sentence.  As the Attorney General concedes, the imposition of this fifth serious prior felony enhancement was not authorized.  Accordingly, the judgment is modified to strike that five-year enhancement.

## DISPOSITION

We direct the trial court to modify the sentence to strike the five-year prior serious felony enhancement imposed on the aggregate determinate term, reducing the determinate term to 24 years.  The trial court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

PRAGER, J.*

WE CONCUR:

NARES, Acting P. J.

AARON, J.

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.