Filed 6/27/16

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B263955 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA108277) |
| v. | |
| JESSICA LEE JEFFERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George Genesta, Judge. Affirmed in part; reversed in part with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II(A)-(B)(1)-(5). The heading for part II is to be published as noted.

## I.  INTRODUCTION

Defendant, Jessica Lee Jefferson, appeals from a judgment of conviction of two counts of misdemeanor methamphetamine possession and one count of attempted second degree robbery.  (Health & Saf. Code, § 11377, subd. (a); Pen. Code, [1] §§ 211, 664.)  We affirm the judgment of conviction but reverse the 14-year sentence in its entirety.  Upon remittitur issuance, the trial court is to resentence defendant.

In the published portion of this case, we discuss two sentencing issues.  To begin with, we analyze why the Health and Safety Code section 11372.7, subdivision (a) drug program fee may not be suspended.  We conclude that because defendant did not have the ability to pay the fine, it may not be imposed at all.  In addition, we discuss why no section 1202.5, subdivision (a) crime prevention fee may be imposed.  We conclude that *attempted* robbery is not an enumerated offense in section 1202.5, subdivision (a).  Thus, when defendant is resentenced, no drug program nor crime prevention fees may be imposed.

## II.  DISCUSSION

[Parts II(A) and (B)(1)-(5) are deleted from publication.  See *post* at page 7 where publication is to resume.]

### A.  Defendant's Fight With the Security Guards and Extensive Prior Record

After she stole tools from a department store, two security guards attempted to apprehend defendant.  As they were taking her into custody, she attempted to fight the security guards.  One of the security guards, Sylvia Razo, described how defendant reacted once confronted outside the store:  "She immediately tried to run past [loss prevention officer Richard Patini], shoving me to try and get away.  I then grabbed her

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

arm and tried to get the purse so that I can get my merchandise back, if she wanted to run away. . . . She would not let it go." According to Mr. Patini, no effort was made to grab defendant's arm until she swung at him with her fist. Ms. Razo was pushed as defendant tried to break away from the two security guards. Defendant continued to struggle with the security guards as she was taken back into the store.

Defendant has an extensive record of prior convictions. On June 5, 2000, defendant was convicted of petty theft and was sentenced to two days in the county jail. Additionally, a delayed entry of judgment order was entered because of defendant's admission she violated Health and Safety Code sections 11550, subdivision (a) and 11377, subdivision (a). On July 3, 2001, defendant was placed on probation after her conviction for petty theft with a prior conviction. (§ 666, subd. (a).) Defendant was found in violation of probation as a result of her August 21, 2002 petty theft conviction. Defendant was sentenced to 90 days in county jail and placed on three-year probation. On January 15, 2003, defendant was sentenced to prison for a new conviction of petty theft with a prior conviction. Additionally, on October 30, 2003, defendant was sentenced to prison for violating her probation from her August 21, 2002 petty theft conviction.

Defendant's May 11, 2005 arrest for driving with a suspended license resulted in a July 12, 2005 order placing her on three years probation. (Veh. Code, § 14601.1, subd. (a).) On July 18, 2005, defendant was arrested for driving an automobile without the owner's consent in violation of Vehicle Code section 10851, subdivision (a). On July 29, 2005, defendant was sentenced to prison for the automobile theft charge. On August 17, 2006, defendant was again sentenced in another case to prison for unlawful driving of a vehicle in violation of Vehicle Code section 10851, subdivision (a).

After being paroled, defendant was convicted of switchblade possession in violation of former section 653k, now sections 17235 and 21510. On June 5, 2008, she was sentenced to county jail for 90 days. On April 15, 2009, defendant was arrested for being under the influence of a controlled substance and placed on 12 months summary probation. (Health & Saf. Code, § 11550, subd. (a).) On December 10, 2010, defendant

3

was arrested for possession of narcotics paraphernalia and later placed on probation on January 26, 2011. (Health & Saf. Code, § 11364, subd. (a).) On January 29, 2011, defendant was arrested once again for being under the influence of a controlled substance and later placed on three years probation. (Health & Saf. Code, § 11550, subd. (a).) On February 26, 2011, defendant was arrested on various felony charges. On March 1, 2011, defendant was sentenced to state prison for four years as result of her convictions of a total of five charges consisting of: two counts of first degree burglary; two counts of receiving stolen property; and a single count of grand theft.

### B. Defendant Must Be Resentenced

### 1. The sentence

The trial court dismissed one prior serious and violent conviction (§§ 667, subd. (d), 1170.12, subd. (b)) and three-year prison term (§ 667.5, subd. (b)) finding. Defendant was sentenced to 14 years in state prison. In terms of the felony count, defendant's sentence consisted of the mid-term of two years for attempted second degree robbery. (§§ 18, subd. (a), 213, subd. (b).) The two-year sentence was doubled as a result of a prior first degree burglary conviction. (§§ 667, subds. (b)-(i), 1170.12.) Finally, an additional 10-year sentence was imposed because of defendant's 2 prior serious felony convictions. (§ 667, subd. (a)(1).) The trial court imposed a concurrent one-year sentence on each of the methamphetamine possession counts. The trial court concluded, "The court is satisfied that the total sentence [of] 14 years is sufficient for purposes of punishment, for purposes of protecting society." As discussed below, we find the trial court committed certain sentencing errors. We remand in order that the trial court may exercise its discretion in refashioning an authorized sentence.

## 2. The prior serious felony conviction enhancements

Defendant admitted two allegations that she had previously been convicted of first degree burglary conviction in case No. KA093482 within the meaning of section 667, subdivision (a)(1) were true. The trial court imposed two five-year enhancements based on those convictions. The parties argue and we agree that the 10-year enhancement under section 667, subdivision (a)(1) was in error as the burglary charges were *not* brought and tried separately. Defendant burglarized two residences on the same evening. Defendant entered a plea to two counts of first degree burglary on March 1, 2011, in case No. KA093482. She was sentenced for both crimes on May 5, 2011. Under these circumstances, the trial court could lawfully impose only one section 667, subdivision (a)(1) enhancement based on case No. KA093482. (*People v. Wiley* (1995) 9 Cal.4th 580, 585; *In re Harris* (1989) 49 Cal.3d 131, 133-137; *People v. Jones* (2015) 236 Cal.App.4th 1411, 1415.) Upon resentencing, the trial court must impose one but not two prior serious felony conviction enhancements (§ 667, subd. (a)(1)) based on case No. KA093482.

## 3. The Prior Separate Prison Term Enhancements

Defendant admitted allegations she served three prior separate prison terms were true. (§ 667.5, subdivision (b).) Defendant also admitted she served a prior prison term in case No. KA093482, the burglary case. And, defendant admitted serving prison terms in case Nos. KA075874 and GA062213, both involving auto theft violations. The trial court struck the allegations premised on the auto theft cases. (§ 1385, subd. (a); *People v. Bonnetta* (2009) 46 Cal.4th 143, 145; see *People v. Sanders* (2012) 55 Cal.4th 731, 735.) However, the trial court failed to either impose or strike the prior separate prison term allegation premised on the burglary case. The failure to either impose or strike this prior separate prison term allegation resulted in an unauthorized sentence. (*People v. Thomas*

(2013) 214 Cal.App.4th 636, 642; *People v. Bradley* (1998) 64 Cal.App.4th 386, 390; see *People v. Jones* (1993) 5 Cal.4th 1142, 1152-1153.)

No doubt, the trial court could not impose both prior serious felony conviction (§ 667, subd. (a)(1)) and prison term enhancements (§ 667.5, subd. (b)) based on the same offense.  (*People v. Jones, supra*, 5 Cal.4th at pp. 1144-1153; *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)  But, there were two first degree burglary convictions in case No. KA093482.  As a result, the trial court *was* authorized to impose a prior serious felony conviction enhancement (§ 667, subd. (a)(1)) for one of the first degree burglary convictions in case No. KA093482.  And, the trial court could also impose a prior separate prison term enhancement (§ 667.5, subd. (b)) based on the second burglary conviction in the same case.  (*People v. Perez* (1992) 4 Cal.App.4th 893, 910; *People v. Irvin* (1991) 230 Cal.App.3d 180, 189; *People v. Vaughn* (1989) 209 Cal.App.3d 398, 401-402; *People v. Medina* (1988) 206 Cal.App.3d 986, 989, 992; but see *People v. James* (1985) 170 Cal.App.3d 164, 167.)  Upon resentencing, the trial court must decide whether to impose or strike the three alleged and admitted prior separate prison term enhancements.

4.  Presentence Custody Credit

The trial court awarded defendant 173 days of presentence custody credit. However, defendant was in custody for 172 days, from November 4, 2014, to April 24, 2015.  The judgment must be modified to reflect a presentence custody credit of 172 days.  (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48; *People v. Morgain* (2009) 177 Cal.App.4th 454, 469.)

## 5. The Criminal Laboratory Analysis Fee

The trial court imposed a single criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) plus penalties and a surcharge. However, defendant was convicted of *two* misdemeanor methamphetamine offenses. Thus, she was subject to *two* criminal laboratory analysis fees plus penalties and a surcharge. The fees are mandatory and not subject to an ability to pay determination. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 870; *People v. Martinez* (1988) 65 Cal.App.4th 1511, 1519.) Upon resentencing, the trial court must impose two criminal laboratory analysis fees.

[The balance of the opinion is to be published.]

## 6. The Drug Program Fee

The trial court orally imposed and suspended on inability to pay grounds a $150 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)) plus penalties and a surcharge. There is no statutory authority to suspend the drug program fee. The proper course of action is to decline to impose the fee rather than impose and suspend it. If the accused cannot afford to pay the 150 drug program fee, it may not be imposed. (Health & Saf. Code, § 11372.7, subds. (a), (b) ["shall pay a drug program fee" unless unable to pay]; see *People v. Woods* (2010) 191 Cal.App.4th 269, 272 [no statutory authority to stay court facilities or court security assessments].) Further, because defendant was convicted of two misdemeanor violations of Health and Safety Code section 11377, subdivision (a) she was potentially subject to two drug program fees. However, we presume the trial court found defendant did not have the ability to pay a second drug program fee. (*People v. Sharret, supra,* 191 Cal.App.4th at p. 864; *People v. Martinez, supra,* 65 Cal.App.4th at pp. 1516-1518.) Upon resentencing, no Health and Safety Code section 11372.7, subdivision (a) drug program fee may be imposed.

### 7.  The Local Crime Prevention Programs Fine

The trial court imposed a $10 local crime prevention programs fine (§ 1202.5, subd. (a)).  Section 1202.5, subdivision (a) states in part, "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed."  As can be noted, *attempted* robbery is not among the enumerated offenses for which a local crime prevention programs fine may be imposed.  In numerous settings, penal statutes have not referred to an attempt to commit a crime.  Under these circumstances, appellate courts have consistently held that the penal statute therefore does not apply to an attempted crime.  (*People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1207-1209 [*attempted* forcible oral copulation is not a disqualifying offense for purposes of resentencing]; *In re McSherry* (2007) 157 Cal.App.4th 324, 329-330 [collecting cases].)  Thus, no section 1202.5, subdivision (a) can be imposed in this case.  Upon resentencing, the trial court must omit the local crime prevention programs fine together with applicable penalties and surcharge.

## III.  DISPOSITION

The entirety of the sentence is reversed.  Upon remittitur issuance, the trial court is to resentence defendant in a manner described in this opinion.  The sentence may not exceed 14 years.  The judgment of conviction is affirmed in all other respects.

CERTIFIED FOR PARTIAL PUBLICATION


TURNER, P.J.

We concur:



KRIEGLER, J.



RAPHAEL, J.*

---

&#42; Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.