[No. C007999. Third Dist. May 22, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
TYRONE HAROLD POWELL, Defendant and Appellant.

## COUNSEL

Ralph D. Eavenson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane N. Kirkland and Leslie B. Fleming, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NICHOLSON, J.**—A jury convicted defendant Tyrone Harold Powell of possession of cocaine base for sale. (Health & Saf. Code, § 11351.5.)[1] The trial court sentenced him to the midterm of four years and enhanced that sentence with two consecutive one-year terms pursuant to Penal Code section 667.5 (based on two prior and separate prison terms) and one consecutive three-year term pursuant to section 11370.2 (based on a prior conviction for violating § 11352). On appeal defendant contends the trial court violated Penal Code section 654 when it used a common prior to impose two separate enhancements as consecutive terms totaling four years. We affirm as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

The information charged defendant with possession and purchase of rock cocaine for sale (§ 11351.5) and alleged defendant had served prior separate prison terms for (1) an October 21, 1980, robbery conviction (enhancement number one), and (2) for a September 30, 1987, controlled substance conviction (enhancement number two). The information alleged both prior prison terms were within the meaning of Penal Code section 667.5, subdivision (b). It also alleged defendant's September 30, 1987, controlled substance conviction was within the meaning of section 11370.2 (enhancement number three).

A jury found defendant guilty of the substantive offense[2] and he waived jury trial on the enhancement allegations. The trial court found (1) each enhancement allegation was true and (2) the same conviction was involved in enhancements two and three.

At sentencing, defense counsel emphasized enhancements two and three were based on the same prior conviction, and argued it was impermissible to sentence him on both. The prosecutor insisted the additional three years were authorized by section 11370.2. The trial court imposed the four-year midterm for the substantive offense, and imposed consecutive terms for each of the three enhancements, for a total sentence of nine years.

---

[1]All statutory references are to the Health and Safety Code unless otherwise indicated.
[2]Because defendant's appeal relates only to sentencing, we need not set forth the facts concerning his arrest and conviction of the underlying offense.

## Discussion

### I

 Defendant contends the trial court violated Penal Code section 654[3] by imposing consecutive terms for enhancements two and three, because the terms were based on the same prior conviction. The People correctly assert section 11370.2 provides the legal basis for enhancement number three by expressly authorizing the "double punishment" imposed here. Specifically, section 11370.2 states: "Any person convicted of a violation of . . . Section . . . 11351.5 . . . shall receive, in addition to any other punishment authorized by law, *including Section 667.5* of the Penal Code,[4] a full, separate, and consecutive three-year term for each prior felony conviction of . . . Section . . . 11352, . . . whether or not the prior conviction resulted in a term of imprisonment." (Italics added.)

Defendant nonetheless argues "the provisions of Health & Safety Code section 11370.2 are clearly in conflict with the provisions of Penal Code section 654." While that may be so, it is a well-established rule of statutory construction that particular provisions prevail over general provisions. (*In re James M.* (1973) 9 Cal.3d 517, 522 [108 Cal.Rptr. 89, 510 P.2d 33].) Therefore, the specific legislative intent to impose additional punishment for certain drug offenses, expressly stated in section 11370.2, prevails over the general legislative intent against double punishment expressed in Penal Code section 654. Of course, it might have been clearer if the Legislature had simply stated prior prison terms for certain drug offenses result in a four-year enhancement. Although desirable, clarity, coherence, and eloquence are not conditions precedent to legislative vitality.

Relying on *People* v. *Siko* (1988) 45 Cal.3d 820 [248 Cal.Rptr. 110, 755 P.2d 294], defendant contends, absent a specific reference to Penal Code section 654, section 11370.2 cannot be construed to create an exception to section 654. Defendant's reliance on *Siko* is misplaced. In that case, the

---

[3]Penal Code section 654 provides, in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

"Section 654 . . . in appropriate cases has been applied to multiple enhancements. [Citations.]" (*People* v. *Vaughn* (1989) 209 Cal.App.3d 398, 400 [257 Cal.Rptr. 229].)

[4]Penal Code section 667.5, subdivision (b) provides: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

People maintained Penal Code section 654 was impliedly repealed by the adoption of Penal Code section 667.6, subdivision (c), which provides, in relevant part: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of" certain penal statutes. The People's argument in *Siko* was based on the mere fact that Penal Code section 667.6, subdivision (c), did not explicitly state its provisions were subject to section 654. The *Siko* court rejected the People's contention, declaring implied repeals are disfavored and "section 654, like any other statute, is presumed to govern every case to which it applies by its terms—unless some other statute creates an express exception." (*Siko, supra,* 45 Cal.3d at p. 824.)

Unlike subdivision (c) of Penal Code section 667.6, however, section 11370.2 *does* create an express exception to the general rule against double punishment by providing a defendant "shall receive" the enhancement "in addition to any other punishment authorized by law, *including Section 667.5,*" the very statute involved in this case. (Italics added.) Accordingly, the court did not err by imposing two separate and consecutive enhancements based on the same prior conviction.

## II

In pronouncing judgment the court stated, "[I]t is the judgment and sentence of this Court in that for the crime of violation of *Health and Safety Code Section 11351, possession for sale of a controlled substance, rock cocaine, as contained in Count One of the Information,* that the defendant be imprisoned in the State Prison, State of California, for the middle term of the base sentence, which is four years." (Italics added.) The court misspoke when referring to the Health and Safety Code section defendant was convicted of violating. Obviously, the court should have declared the offense to be a violation of section 11351.5. We view the court's mistake in pronouncing judgment as a clerical error and modify the judgment accordingly. (See *People* v. *Schultz* (1965) 238 Cal.App.2d 804, 806 [48 Cal.Rptr. 328].)

Moreover, although the court properly cited the three enhancements when pronouncing judgment, and the abstract of judgment correctly reflects enhancements totaling five years, the abstract does not separately list the three-year enhancement imposed under section 11370.2. We therefore direct the court to correct this error in the abstract of judgment.

### DISPOSITION

The judgment is affirmed *as modified and the court is directed to* amend the abstract of judgment to reflect (1) defendant's conviction for violation of

section 11351.5 and (2) the two consecutive one-year enhancements pursuant to Penal Code section 667.5, subdivision (b), and the separate and consecutive three-year enhancement pursuant to section 11370.2, reaffirming the total term of nine years. A certified copy of the amended abstract of judgment shall be forwarded to the Department of Corrections forthwith.

Sparks, Acting P. J., and Sims, J., concurred.