[No. A076192. First Dist., Div. Three. Mar. 30, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
THERESA GOKEY, Defendant and Appellant.

THE PEOPLE, Plaintiff and Respondent, v.
LEON LOREN TUTTLE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and V.

**COUNSEL**

Richard Jay Moller and Peter Dodd, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Kenneth C. Young, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WALKER, J.**—In this decision we hold that a prior conviction for a drug-related offense may serve as the basis for separate, consecutive

sentence enhancements under both Penal Code section 667.5 and Health and Safety Code section 11370.2.[1]

## I

### *Background*

Leon Loren Tuttle was charged in an amended information with possession for sale of methamphetamine (§ 11378), and the sale of methamphetamine (§ 11379). The amended information also alleged, pursuant to Penal Code section 667.5, subdivision (b), that Tuttle served two prior prison sentences following separate felony convictions on June 28, 1991, and July 1, 1993. The amended information further alleged that Tuttle had two previous convictions, on June 28, 1991,[2] and December 20, 1994, for drug-related felonies as specified in section 11370.2.

The trial evidence established the following. Theresa Gokey arranged to sell a half ounce of methamphetamine to an informant, Ricky Wheat. Tuttle and Gokey drove together to a motel and met with Wheat in his room. Gokey took 8.17 grams of methamphetamine out of her pocket and told Wheat that she had only a quarter ounce of methamphetamine, and not the half ounce, as previously arranged. She then asked Tuttle if Wheat should be charged $220 or $230 for the drugs. Tuttle grabbed the packet of methamphetamine, looked at it and said, "220," and handed it back to her. She gave the drugs to Wheat. Wheat gave the money to Gokey, and while she was counting it, Tuttle tried to convince Wheat to give him $80 more "because his dope was good," and because he and his friends were putting their money together to buy more methamphetamine.

The jury found Tuttle guilty of possessing methamphetamine for sale and selling methamphetamine. In a bifurcated proceeding to determine the truth of the four sentencing allegations, the prosecutor presented evidence to the jury that Tuttle suffered three previous felony convictions on June 28, 1991, July 1, 1993, and December 20, 1994. The prosecutor argued to the jury that the June 28, 1991, conviction for possessing a controlled substance for sale proved both the allegation that Tuttle served a prior prison sentence for a felony and the allegation that he was previously convicted of a drug-related felony. The jury found all of the sentencing allegations true.

---

[1] All statutory references are to the Health and Safety Code, unless otherwise noted.

[2] The amended information actually alleges that the prior drug-related conviction occurred on June 25, 1991. This is evidently a typographical error because the evidence, the jury's verdict, and the judgment of conviction, establishes that the previous conviction that served as a basis for the section 11370.2 allegation occurred on June 28, 1991. In any case, Tuttle does not contend that the amended information is defective.

The trial court sentenced Tuttle to four years for the conviction of selling methamphetamine, staying the sentence on the conviction of possessing methamphetamine for sale under Penal Code section 654. Additionally, the court imposed two consecutive three-year enhancements for having two prior drug-related felony convictions (§ 11370.2), and two consecutive one-year enhancements for serving two prior prison sentences (Pen. Code, § 667.5, subd. (b)), for a total sentence of twelve years. Tuttle filed a timely notice of appeal.

## II

*Separate Sentence Enhancements for Suffering a Prior Conviction and Serving a Prior Prison Sentence for the Same Drug Crime Are Permissible*

The trial court used Tuttle's June 28, 1991, conviction for possessing a controlled substance for sale to impose enhancements to his sentence under both section 11370.2 and Penal Code section 667.5, subdivision (b). Tuttle contends that the trial court imposed a double punishment for this single prior conviction in violation of Penal Code section 654. We disagree.

Penal Code section 654 provides in relevant part, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 11370.2 provides that, if a defendant has been convicted of specified drug-related crimes, the court shall impose "a full, separate, and consecutive three-year term for each prior felony conviction" of specified drug-related crimes, "whether or not the prior conviction resulted in a term of imprisonment." The enhancement under section 11370.2 is imposed "in addition to any other punishment authorized by law, *including Section 667.5 of the Penal Code.*" (§ 11370.2, subds. (a), (b) & (c), italics added.) Penal Code section 667.5, subdivision (b), directs the court to impose, under conditions that were met in this case, a consecutive "one-year term for each prior separate prison term served for any felony."

In answer to Tuttle's contention that no case law guides our analysis, we direct him to *People* v. *Powell* (1991) 230 Cal.App.3d 438, 441-442 [281 Cal.Rptr. 568] (*Powell*). There, the court determined that the Legislature's intent in enacting section 11370.2 was that a single prior conviction can serve as the basis for an enhancement under both section 11370.2 and Penal Code section 667.5, subdivision (b). The court held that section 11370.2

creates an express exception to Penal Code section 654's prohibition against double punishment. (230 Cal.App.3d at p. 442.) We agree with *Powell*'s result, but for a different reason.

As our Supreme Court explained, "[b]y its own terms, section 654 applies only to an 'act or omission' made punishable in different ways by different statutes." (*People* v. *Coronado* (1995) 12 Cal.4th 145, 156 [48 Cal.Rptr.2d 77, 906 P.2d 1232] (*Coronado*).) Sentence enhancements for prior prison terms are based on the defendant's status as a recidivist, and not on the underlying criminal conduct, or the act or omission, giving rise to the current conviction. (*Ibid.*; see *id.* at pp. 158-159.) Thus, "[b]ecause the repeat offender (recidivist) enhancement imposed here [(Pen. Code, § 667.5, subd. (b))] does not implicate multiple punishment of an act or omission, section 654 is inapplicable." (*Ibid.*; *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633].)

The reasoning and holding of *Coronado* are fully applicable here. Because *both* section 11370.2 and Penal Code section 667.5, subdivision (b), impose additional punishment for the status of the offender, and not the acts or omissions underlying the current offense, Penal Code section 654 is inapplicable to the determination whether one prior conviction may provide the basis for two enhancements under the statutes. Tuttle's citations to *People* v. *Vaughn* (1989) 209 Cal.App.3d 398, 402 [257 Cal.Rptr. 229]; *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 117 [212 Cal.Rptr. 888]; and *People* v. *Carter* (1983) 144 Cal.App.3d 534, 541-543 [193 Cal.Rptr. 193], to support his argument that Penal Code section 654 applies to Penal Code section 667.5 or section 11370.2 do not help him, because *Coronado* disapproved of the reasoning in that line of cases. (*Coronado, supra,* 12 Cal.4th at pp. 158-159.)

Finally, Tuttle is incorrect that *People* v. *Jones* (1993) 5 Cal.4th 1142, 1148-1149 [22 Cal.Rptr.2d 753, 857 P.2d 1163] (*Jones*), advances his position. *Jones* decided whether the electorate intended that one prior conviction could serve as the basis for sentence enhancements under both Penal Code section 667, which provides for a consecutive five-year enhancement for a prior conviction for a serious felony, and Penal Code section 667.5, subdivision (b). (5 Cal.4th at pp. 1147-1149.) *Jones* declined to address the issue that *Coronado* decided: Whether Penal Code section 654 applies to sentence enhancements. (5 Cal.4th at p. 1152.) Instead, the Supreme Court in *Jones* embarked on an analysis of the lawmakers' intent in enacting Penal Code section 667. Using familiar and fundamental principles of statutory construction, the court determined that the language of Penal Code section

667 was ambiguous whether a single prior conviction could serve as the basis for two enhancements under both section 667 and section 667.5, subdivision (b). (5 Cal.4th at pp. 1149-1150.) Because ". . . the voters did not specify that enhancements under sections 667 and 667.5 were both to apply to the same prior offense" the Supreme Court held that enhancements under both Penal Code sections 667 and 667.5 for the same offense were impermissible. (5 Cal.4th at pp. 1152-1153.)

In contrast, section 11370.2 is decidedly unambiguous. The statute specifically states that the enhancement for a prior drug conviction is to be imposed "in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code." (§ 11370.2, subd. (c).) As *Jones* recognized, the Legislature knows how to write a statute to provide for cumulative sentencing enhancements for the same prior conviction when it intends such a result. (*Jones, supra,* 5 Cal.4th at pp. 1150-1151, fn. 2.) The Legislature did exactly that with section 11370.2. Although *Powell, supra,* 230 Cal.App.3d 438, assumed that Penal Code section 654 applied to sentencing enhancements for prior convictions, the court correctly held that the Legislature intended that an enhancement under section 11370.2 should be imposed in addition to an enhancement under Penal Code section 667.5. (230 Cal.App.3d at pp. 441-442.) We reaffirm that holding.

## III

*Possession for Sale of Methamphetamine and Sale of Methamphetamine Are Not Lesser Included Offenses of Each Other\**

. . . . . . . . . . . . . . . . . . . . . . . . . .

## IV

### Disposition

Tuttle's judgment of conviction and sentence are affirmed.

---

*See footnote, *ante*, page 932.

## V

### *Gokey's Appeal\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Gokey's judgment of conviction and sentence are affirmed.

Corrigan, Acting P. J., and Parrilli, J., concurred.

A petition for a rehearing was denied April 17, 1998, and the petition of appellant Leon Loren Tuttle for review by the Supreme Court was denied July 8, 1998.

---

\*See footnote, *ante*, page 932.