Filed 2/17/16  P. v. King CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068424 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD234016) |
| TERRANCE KING, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Nancy E. Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Marvin Mizell and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

Terrance King appeals from an order denying his petition to dismiss a prior prison term enhancement from his sentence.  He contends the prison prior sentence enhancement must be stricken because, in May 2015, the trial court re-designated the

2007 prior felony conviction on which the prison prior enhancement was based to a misdemeanor pursuant to Penal Code, section 1170.18, subdivision (k). (Undesignated statutory references are to the Penal Code.) King argues the plain language of Proposition 47 and the voters' intent requires this court to strike the prison prior enhancement. He further argues that failure to strike the enhancement violated his right to equal protection. We reject King's arguments and affirm.

King also filed a petition for writ of habeas corpus (*In re Terrance King* (D069184)), which we ordered considered with this appeal. We deny the petition by separate order. We also deny King's motion to consolidate the appeal with the petition.

PROCEDURAL BACKGROUND

In August 2011, King pleaded guilty to evading an officer with reckless driving and admitted to a strike prior and two prison priors. One of those prison priors pertained to a 2007 felony conviction for possession of a controlled substance in violation Health and Safety Code, section 11350, subdivision (a). The court sentenced King to eight years in prison, which consisted of six years for the evading offense and two one-year terms for the prison prior enhancements.

In 2015, King filed a petition for writ of habeas corpus in the superior court to reduce his 2007 possession of a controlled substance conviction to a misdemeanor under section 1170.18. King also requested that the court strike the one-year prison prior enhancement based on the 2007 conviction from his current sentence in the evading an officer case. The trial court granted King's request to re-designate the 2007 conviction to a misdemeanor, but denied his request to strike the prison prior sentence enhancement.

2

DISCUSSION

I. *Prison Prior Enhancement*

King argues the prison prior enhancement based on his 2007 possession of a controlled substance conviction must be stricken because that conviction was reduced to a "misdemeanor for all purposes" under section 1170.18, subdivision (k). Specifically, he contends the plain language of section 1170.18 and the voters' intent in passing Proposition 47 establish that a prior prison enhancement cannot be based on a conviction that has been re-designated a misdemeanor. He also contends the trial court has jurisdiction under section 1170.18 to strike the prison prior enhancement.

A. General Legal Principles

King's claim raises an issue of statutory interpretation. "[S]tatutory interpretation is a question of law [citation], and appellate courts review such issues independently." (*People v. Taylor* (1992) 6 Cal.App.4th 1084, 1090-1091.) "Measures adopted by the voters through the initiative process . . . are subject to the ordinary rules and canons of statutory construction." (*Hermosa Beach Stop Oil Coalition v. City of Hermosa Beach* (2001) 86 Cal.App.4th 534, 549.)

Section 667.5, subdivision (b) provides for a sentence enhancement for felony prison priors. (*People v. Torres* (2011) 198 Cal.App.4th 1131. 1149.) Specifically, that section provides, "where the new offense is any felony for which a prison sentence . . . is imposed . . . , in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term . . . for any felony." (§ 667.5, subd. (b).) "Sentence enhancements for prior prison terms are based on the defendant's

3

status as a recidivist, and not the underlying criminal conduct, or the act or omission, giving rise to the current conviction." (*People v. Gokey* (1998) 62 Cal.App.4th 932, 936.)

On November 4, 2014, California voters approved Proposition 47, which became effective the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) The initiative reclassified certain theft- and drug-related crimes from felonies to misdemeanors unless they were committed by ineligible defendants. (*Id.* at p. 1091.) It also established a procedure for qualifying defendants to petition for recall and modification of their prior convictions and sentences. (§ 1170.18, subd. (a).)

Under the initiative's resentencing and reclassification mechanism, persons who have completed felony sentences for offenses that would be misdemeanors under Proposition 47 may file an application to have their felony convictions "designated as misdemeanors." (§ 1170.18, subds. (f)-(h).) Subdivision (k) of section 1170.18 provides that convictions that are resentenced or designated as a misdemeanor "shall be considered a misdemeanor for all purposes," except for purposes relating to ownership, possession and custody of firearms.

B. Analysis

King's arguments are nearly identical to those rejected by this Court in *People v. Valenzuela* (Feb. 3, 2016, D066907) ___ Cal.App.4th ___ [pp. 22-25] (*Valenzuela*). In that case, the Court considered defendant's request to strike a prison prior enhancement based on a felony conviction that had been reduced to a misdemeanor under section 1170.18 after the imposition of sentence on the current offense. (*Valenzuela*, *supra*, at ___ [pp. 20, 22].) The defendant argued that section 1170.18, subdivision (k), " 'suggests

4

the electorate wanted eligible offenders like [her] to be shielded from the collateral consequences of prior prison terms stemming from felonies that the law now recognizes as misdemeanors.' " (*Id.* at p. 22.) This Court rejected the argument, concluding "[s]ection 1170.18 provides a mechanism for reducing felony convictions to misdemeanors, but contains no procedure for striking a prison prior if the felony underlying the enhancement has subsequently been reduced to a misdemeanor." (*Ibid.*) The Court reasoned that "[n]othing in th[e] language [of section 1170.18, subdivision (k)] or the ballot materials for Proposition 47 indicates that this provision was intended to have the retroactive collateral consequences that [the defendant] advances. To the contrary, . . . the procedures set forth in section 1170.18 that must be followed to obtain the resentencing and reclassification benefits of Proposition 47 indicate the electorate's intent for a specific, limited prospective application of the relief available under the new law." (*Ibid.*)

Like King, the defendant in *Valenzuela*, relied on *People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*) and *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) to support her assertion that her sentence must be reduced under section 1170.18, subdivision (k). In *Park*, our high court noted that "[w]hen the court properly exercises its discretion to reduce a wobbler to a misdemeanor, it has found that felony punishment, and its consequences, are not appropriate for that particular defendant. . . . [B]y virtue of the court's proper exercise of discretion, neither is such defendant a member of the class of criminals convicted of a prior serious felony whom the voters intended to subject to increased punishment for a subsequent offense." (*Park*, at pp. 801-802.) In *Flores*, the

5

court considered a 1975 statutory amendment reducing marijuana possession to a misdemeanor and held that it was error to use a felony marijuana possession conviction to impose a sentence enhancement. (*Flores*, at pp. 470, 474.)

Similarly to the defendant in *Valenzuela*, King's reliance on *Park* and *Flores* is misplaced because the felony convictions that served as the basis for sentence enhancements in those cases were reduced to misdemeanors *before* the defendant committed and was convicted of the offense subject to the current appeal. (*Valenzuela* [Feb. 3, 2016, D066907] ___ Cal.App.4th ___ [p. 23].) In the case before us, there is no dispute that King's drug offense conviction was reduced to a misdemeanor *after* he committed and was sentenced for the current evading an officer offense. Thus, *Park* and *Flores* are inapplicable. Moreover, *Park* supports our conclusion as the Supreme Court stated in that case that "there is no dispute that . . . defendant would be subject to the [sentence] enhancement had he committed and been convicted of the present crimes *before* the court reduced the earlier offense to a misdemeanor." (*Park*, *supra*, 56 Cal.4th at p. 802, italics added.)

King has not pointed to anything in the language of section 1170.18 or Proposition 47 ballot materials that overcomes the presumed prospective effect of any provision added to the Penal Code. (§ 3.) Further, King has not pointed to any authority convincing us to depart from the reasoning and conclusion in *Valenzuela* that section 1170.18 does not require the court to strike a prison prior enhancement that is based on a felony conviction that was reduced to a misdemeanor after the defendant committed and was convicted of the current offense.

6

## II. *Equal Protection Claim*

King argues that failure to strike the one-year sentence enhancement for the prison prior which was re-designated a misdemeanor violates his right to equal protection under the federal and state constitutions. He argues that "no rational basis can justify [his] exclusion from the benefits of Proposition 47, since he meets the requirements for relief and only differs from other possession offenders by the fact that his criminal judgment was issued prior to the passage of the initiative." This argument was rejected in *Valenzuela* [Feb. 3, 2016, D066907] ___ Cal.App.4th ___ [p. 25]. We reject it for the same reason that " ' "[t]he Legislature properly may specify that . . . statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." [Citations.] The voters have the same prerogative." ' " (*Ibid.*) Accordingly, failure to strike the prison prior enhancement does not constitute an equal protection violation. (*Ibid.*)

## DISPOSITION

The order is affirmed.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

7