Filed 5/12/16  P. v. McGhee CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E063409 |
| v. | (Super.Ct.No. RIF1102902) |
| TIWON GODFREY MCGHEE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Reversed and remanded with directions.

Michael A. Hestrin, District Attorney, Matt Reilly and Emily R. Hanks, Deputy District Attorneys, for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, Joshua Knight, Deputy Public Defender, for Defendant and Appellant.

The People appeal the trial court's order reducing defendant Tiwon Godfrey McGhee's sentence following a Penal Code[1] section 1170.18 resentencing hearing. On appeal, the People argue that the trial court erred when it struck one of defendant's prior prison terms. Defendant has also filed a cross-appeal. For the reasons explained *post*, we reverse the order pursuant to Proposition 47 striking the one-year prior prison term enhancement. We remand the matter with directions that the trial court vacate its order striking the one-year prior prison term enhancement and resentence defendant in accordance with this opinion.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 9, 2011, Leon Martin, a private paralegal, was driving defendant, a client, to a friend's house. Defendant was acting strangely and stated that people were after him. Defendant noticed a handgun Martin had placed in the driver's side door and grabbed the gun. Defendant then fled the area on a bicycle he found in a random yard. Martin immediately notified the police of the incident.

Six days later, on June 15, 2011, deputies responded to a call in reference to an adult male with a firearm. Upon arrival, deputies spoke with defendant's girlfriend, who stated that she was involved in an argument with defendant. She was fearful of defendant

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from an opinion by this court in defendant's prior appeal. (*People v. McGhee* (Apr. 9, 2015, E059544) [nonpub. opn.].)

because he had mental disabilities and was in possession of a gun. Defendant confirmed that he had been arguing with his girlfriend, but claimed that she had been acting strangely and had hired someone to kill him. Defendant denied having a gun, but stated he had seen a gun in an abandoned house nearby. The deputies searched the area and found a gun in a patch of dirt behind a cement wall. After waiving his constitutional rights, defendant admitted that he had placed the gun behind the wall. He claimed that a friend had given the gun to him, and the serial number of the gun had already been altered. Defendant was arrested and taken into custody.

On April 17, 2012, an amended information was filed, charging defendant with one count of grand theft of a firearm (§ 487, subd. (d)(2), count 1) and one count of possession of a firearm by a felon (former § 12021, subd. (a)(1), count 2). The information further alleged that defendant had sustained four prior prison terms (§ 667.5, subd. (b)), to wit, a 1992 robbery conviction, a 1998 evading an officer conviction, a 2005 possession of a controlled substance conviction, and a 2007 second degree burglary conviction. The information also alleged that defendant had suffered two prior serious and/or violent felony strike convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)), to wit, a 1991 first degree burglary conviction and the 1992 robbery conviction.

On May 1, 2012, defendant pled guilty as charged and admitted the prior conviction allegations.

On June 13, 2012, the trial court struck one of defendant's prior strike convictions pursuant to section 1385, and sentenced defendant to a total term of 11 years four months

in state prison with credit of 566 days for time served as follows: the upper term of three years on count 1, doubled to six years due to the strike prior; a consecutive one year four months on count 2; and four consecutive one-year terms for each of the four prior prison term allegations.

Defendant subsequently appealed. On April 9, 2015, this court affirmed the judgment in an unpublished opinion. (See *People v. McGhee*, *supra*, E059544.)

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or wobblers, unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On November 12, 2014, defendant filed a petition for resentencing under section 1170.18.

On December 17, 2014, the People filed a response to defendant's petition, acknowledging defendant was eligible for resentencing under Proposition 47, but requested a hearing to recalculate the entire sentence.

The resentencing hearing was held on April 10, 2015. At that time, the People asked the court to resentence defendant to 10 years as follows: the upper term of three years, doubled to six years due to the prior strike, on count 2, plus four consecutive one-year terms for each of the four prior prison term allegations. The People argued that all four prison priors could be imposed even though the conviction underlying the possession

4

of a controlled substance (Health & Saf. Code, § 11350, third prison prior) had been reduced to a misdemeanor under Proposition 47.[3] The trial court disagreed and sentenced defendant to a total term of nine years. The court determined that because the underlying felony conviction had been later reduced to a misdemeanor, the prior prison term enhancement could no longer be imposed.

On April 21, 2015, the People filed a timely notice of appeal. On June 11, 2015, defendant filed his notice of appeal and a request for certificate of probable cause. Defendant's request for a certificate of probable cause was denied on June 12, 2015.

II

DISCUSSION

A.    *People's Appeal*

The People claim the trial court erred when it struck one of defendant's prior prison terms because the enhancement is designed to punish defendants for their recidivist conduct and that the reduction of a prior felony conviction to a misdemeanor does not preclude imposition of a section 667.5, subdivision (b) enhancement based on that offense. The People further argue that the language of section 1170.18, subdivision (k), is not retroactive.

Defendant responds that based on the plain language of section 667.5, subdivision (b), a separate one-year term of imprisonment may only be imposed based on a prior conviction for a felony. As such, defendant maintains that once a felony has been

---

[3] Defendant was resentenced on his 2005 possession of a controlled substance offense in Los Angeles County to a misdemeanor pursuant to Proposition 47.

5

designated a misdemeanor "for all purposes" under section 1170.18, it is no longer "a felony" for any purpose, except that specified in section 1170.18. Defendant also claims that section 1170.18 applies retroactively.

As previously noted, on November 4, 2014, California voters passed Proposition 47. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) Its goal was to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014), text of Prop. 47, § 2, p. 70.) To that end, a number of drug- and theft-related offenses were reduced from felonies or wobblers to misdemeanors, including thefts of property valued at less than $950 and drug possession. (*Rivera*, at p. 1092; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Proposition 47 also enacted section 1170.18, which creates a statutory scheme for the resentencing of individuals serving sentences for a felony conviction that would be a misdemeanor under Proposition 47, and for persons who have already completed a sentence for a crime that became a misdemeanor under Proposition 47. Section 1170.18, subdivision (a), states: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with

6

Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term " 'unreasonable risk of danger to public safety,' " and subdivision (b) of the statute lists factors the court must consider in determining "whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subds. (b), (c); see *Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

"The procedure for a person who has completed the sentence for a crime reduced by Proposition 47 likewise contemplates filing in the superior court. Under section 1170.18, subdivision (f): 'A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.' . . . No hearing on the application is required '[u]nless requested by the applicant' (§ 1170.18, subd. (h)), and '[i]f the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor.' (§ 1170.18, subd. (g).)" (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1329, italics omitted.)

7

Section 1170.18, subdivision (k), provides that: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*," except for the right to own or possess firearms. (§ 1170.18, subd. (k), italics added.) To determine whether this provision applies to preclude the imposition of the prior prison term enhancement here, we apply the familiar rules of both statutory and initiative interpretation. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1099.) " ' "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]" ' [Citation.] In the case of a provision adopted by the voters, 'their intent governs.' [Citation.] [¶] 'In determining such intent, we begin with the language of the statute itself.' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning. ' "If there is no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs.' " [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " [Citation.]' [Citation.] 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*Id*. at pp. 1099-1100.)

The issue in this case is whether the voters intended section 1170.18, subdivision (k), to preclude the trial court from reimposing the prior prison term enhancement when it resentenced defendant after his current felony conviction for grand theft and underlying conviction for possession of a controlled substance were reduced to misdemeanors. Following briefing and oral argument in this case, the "emerging consensus" among California appellate courts is that Proposition 47 does not apply retroactively to invalidate prior prison term enhancements imposed under section 667.5, subdivision (b). (*People v. Williams* (2016) 245 Cal.App.4th 458, 470; *People v. Ruff* (2016) 244 Cal.App.4th 935, 943-949.) Our Supreme Court has granted review to resolve this issue. (*People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted March 30, 2016, S232900; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted April 27, 2016, S233011.)

The language from Proposition 47, "misdemeanor for all purposes," is very close to language from section 17 regarding the reduction of wobblers to misdemeanors.[4] However, this language is not necessarily conclusive. (*People v. Park* (2013) 56 Cal.4th 782, 793–794 (*Park*).) It has not been read to mean a defendant could avoid a sentence enhancement by having the prior offense reduced to a misdemeanor after he committed and was convicted of the present crimes. (*Id*. at p. 802.) The question is one of timing.

---

[4] Section 17, subdivision (b), states in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . ."

After reanalyzing the issue following oral argument, we agree that the designation does not apply retroactively in this context. Defendant has presented no persuasive reason why we should find differently. (See *People v. Gipson* (2013) 213 Cal.App.4th 1523, 1529 [in the absence of "good reason to disagree," we "typically follow the decisions of other appellate districts or divisions"].)

In the context of felony jurisdiction over criminal appeals, *Rivera*, *supra*, 233 Cal.App.4th 1085, held that section 1170.18, subdivision (k), should be interpreted in the same way as section 17—rendering the offense a misdemeanor *going forward* from the date the trial court reduced it, but not retroactively. (*Rivera*, *supra*, at pp. 1095, 1100; see *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 [rejecting assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler: "Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect."].) After careful consideration, we see no reason to depart from *Rivera*. Although *Rivera* addressed section 1170.18, subdivision (k), in a different context, its analysis of section 1170.18, subdivision (k), is equally relevant here.

Nothing in the language of section 1170.18 or the ballot materials reflect such an intent. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) The statute's remedial provisions apply only to cases in which a person is currently serving a sentence for a conviction of a felony that is now a misdemeanor (§ 1170.18, subd. (a)), and those cases in which a person convicted of such a crime has already completed his or her sentence (§ 1170.18,

10

subd. (f)). Moreover, the statute instructs: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." (§ 1170.18, subd. (n).) The section 667.5, subdivision (b) enhancement at issue here is part of such a judgment.

Defendant relies primarily on *People v. Park* (2013) 56 Cal.4th 782 (*Park*) and *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*). In *Park*, the Supreme Court held the defendant's sentence could not be enhanced under section 667, subdivision (a), because the past felony conviction had been reduced to a misdemeanor pursuant to section 17, subdivision (b), before the commission of the instant offense. (*Park*, at p. 798.) It stated: "[W]hen a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense thereafter is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise." (*Id.* at p. 795.) Here, defendant committed his current felonies before his prior convictions could be reduced to a misdemeanor, and Proposition 47 directs no differently than section 17. This distinction between retroactive and prospective application was recognized by the Supreme Court in *Park*: "There is no dispute that, under the rule in [prior California Supreme Court] cases, [the] defendant would be subject to the section 667[, subdivision] (a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, *supra*, at p. 802.) Thus, defendant's reliance on *Park* is misplaced.

Defendant's reliance on *Flores* fails for the same reasons. In *Flores*, the defendant was sentenced to prison following his conviction of selling heroin (Health & Saf. Code,

11

§ 11352), and his state prison sentence was enhanced by one year under Penal Code section 667.5. (*Flores*, *supra*, 92 Cal.App.3d at pp. 464, 470.) The enhancement was based on a prior felony conviction for possession of marijuana under Health and Safety Code section 11357. (*Flores*, at p. 470.) Before the defendant was convicted of selling heroin, the Legislature had reduced the crime of possession of marijuana to a misdemeanor. (*Id.* at p. 471.) The *Flores* court recognized that the legislative changes prevented old marijuana convictions from being used to support enhancements on later convictions. The changes operated "to prevent the enhancement of a new sentence." (*Ibid.*) Unlike the facts of *Flores*, defendant's sentence was enhanced before Proposition 47 took effect and before the conviction supporting the enhancement was reduced to a misdemeanor.

When a trial court imposes an enhancement for having served a prior prison term, the subsequent reduction of the conviction supporting the enhancement to a misdemeanor does not render the enhancement invalid.

Further, the qualifying criterion for the enhancement that defendant received under section 667.5, subdivision (b), is having served a prior prison term for a felony conviction. (§ 667.5, subd. (b) ["[T]he court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; . . ."].) A section 667.5 enhancement is based on the defendant's status as a recidivist, not on the underlying criminal conduct. (*People v. Gokey* (1998) 62 Cal.App.4th 932, 936 ["Sentence enhancements for prior prison terms are based on the defendant's status as a recidivist, and not on the underlying

12

criminal conduct, or the act or omission, giving rise to the current conviction."].)

Separate punishments for a felony and for a penalty enhancement are appropriate, because the punishments serve different purposes, where the enhancement deters similar future conduct.  (*People v. Walker* (2002) 29 Cal.4th 577, 583.)  When defendant was sentenced in this case, the 2005 conviction was a felony, and having served a prison sentence for that conviction, he had recidivist status.  The latter fact is not altered by Proposition 47.

Based on the foregoing, the trial court erred in striking the one-year term on the 2005 prior prison term offense.

B.    *Defendant's Appeal*

Defense counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so.  In his supplemental brief, defendant claims that his sentence was unlawful and in violation of his due process and equal protection rights; that the trial court abused its discretion when it resentenced him on count 2 during the Proposition 47 resentencing hearing; and that the trial court improperly applied *People v. Burbine* (2003) 106

Cal.App.4th 1250, 1259 (*Burbine*).[5] Defendant's contentions are without merit. Initially, we note that the trial court did not rely on *Burbine* in resentencing defendant. At the Proposition 47 resentencing hearing, defense counsel, citing *Burbine*, pointed out that the court "can take this resentencing as if it's newly before the Court" and did not have to "do what it previously intended." Defense counsel requested defendant be sentenced to 32 months and that his prior prison terms be stayed. The court responded, "I agree with you, in that, this new resentencing I can do whatever I want up to the maximum of ten years. The only issue I have in my mind is about that prison prior that was reduced to a misdemeanor."

Defendant was subject to full resentencing in this case and the court had jurisdiction to modify defendant's sentence under Proposition 47. (See § 1170.18, subd. (b).) The only restriction on this authority is that "[u]nder no circumstances may resentencing under [section 1170.18] result in the imposition of a term longer than the original sentence." (§ 1170.18, subd. (e).) The court here properly resentenced defendant on count 2. In addition, defendant's due process and equal protection rights were not violated and the court did not abuse its discretion in sentencing defendant to nine years. In imposing the upper term of three years on count 2, the court explained,

_____

[5] *Burbine* held that trial courts have discretion "to reconsider an entire sentencing structure in multicount cases where a portion of the original verdict and resulting sentence has been vacated by a higher court. [¶] . . . [¶] [U]pon remand for resentencing after the reversal of one or more subordinate counts of a felony conviction, the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed, including the term imposed as the principal term." (*Burbine*, *supra*, 106 Cal.App.4th at pp. 1258-1259.)

14

defendant "had a steady diet of crimes, he had those four prison priors, . . ." The imposition of sentence rests within the sound discretion of the trial court and, absent a clear showing of abuse or departure from the law, such discretion will be upheld. (*People v. Jones* (2009) 178 Cal.App.4th 853, 860-861; see *People v. Giminez* (1975) 14 Cal.3d 68, 72.) A single aggravating factor is sufficient to support the imposition of an upper term. (*People v. Sandoval* (2007) 41 Cal.4th 825, 848; *People v. Osband* (1996) 13 Cal.4th 622, 732; *People v. Cruz* (1995) 38 Cal.App.4th 427, 433.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The order appealed from is reversed. The matter is remanded with directions to the trial court to vacate its order striking the one-year prior prison term enhancement (§ 667.5, subd. (b)) and to resentence defendant in accordance with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

15