Filed 6/6/22  P. v. Medina CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LEONEL MEDINA,<br><br>     Defendant and Appellant. | B312251<br><br>Los Angeles County<br>Super. Ct. No. BA159448 |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed and remanded with directions.

Corey J. Robins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

In 1998, Leonel Medina pleaded guilty to two felony counts, and the trial court sentenced him to two years in prison. More than 20 years later, Medina filed a motion to vacate the pleas and convictions, arguing the trial court failed to make a sufficient inquiry into the factual basis for the pleas and referred to the wrong statute while taking one of the pleas. The superior court construed the motion as a petition for writ of error *coram nobis*, which it denied after finding Medina failed to show due diligence. On appeal, Medina argues the court abused its discretion in denying his motion. We affirm the order and remand the case with directions to correct an error in the abstract of judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 1997, the People filed a felony information charging Medina with assault on a peace officer (Pen. Code, § 245, subd. (c); count 1) and possession for sale of a controlled substance (Health & Saf. Code, § 11351[1]; count 2).

At a hearing in April 1998, Medina's counsel informed the court that "we decided to accept the People's offer." The prosecutor told the court the People agreed to reduce count 1 to a non-strike violation of Penal Code section 245, subdivision (a). The prosecutor also represented that Medina agreed to plead guilty to counts 1 and 2 in return for a total sentence of two years. The term on count 1 would run concurrent with the term on count 2, which would be the base term. Medina confirmed the agreement.

The trial court took Medina's waivers. Defense counsel joined in the waivers, concurred in the pleas, and stipulated

_____

[1]     All future unspecified statutory references are to the Health and Safety Code.

to a factual basis for those pleas.  The court then asked Medina how he pleaded to "felony information . . . count I as amended 245(a), and count II, 11350 of the Health and Safety Code."  Medina responded, "[g]uilty."  No one pointed out to the court that the information charged Medina in count 2 with violating section 11351 (possession for sale), rather than section 11350 (simple possession).

After taking the pleas, the court immediately proceeded to sentencing.  The court stated that, "[p]ursuant . . . to case settlement, the matter having been submitted, the court will make the base term count II.  That's 11351, mid term of three years."  The parties clarified that the agreement was for a term of two years.  The court then sentenced Medina as follows: "The Court will still select the base term count II, the low term two years for 11351, concurrent term for the 245 low term of two years, for a total agreed-upon sentence of two years."  The abstract of judgment states Medina was convicted of violating section 11351 and Penal Code section 245, subdivision (c).

The government deported Medina to Mexico after he served his prison sentence.  Medina, however, soon returned to the United States to be with his family.  At some point, the government initiated new removal proceedings against him.  Medina's immigration attorney referred him to a criminal attorney, whom Medina hired in August 2020.

In February 2021, Medina filed a motion to "vacate plea and conviction under Penal Code section 1192.5."  He argued his pleas were deficient because he did not provide a factual basis for them, and his counsel did not stipulate to a factual basis based on a "document, statement, or plea."  Medina also argued the court's reference to section 11350, rather than section 11351,

3

rendered the factual basis for his plea "inadequate . . . because the offense pled to did not mirror the anticipated resolution." Further, Medina asserted the court's reference to section 11350 invalidated the entire proceeding because it showed he did not "intelligently, or accurately understand, or plead to the charges alleged and, ostensibly, agreed upon." According to Medina, it would be "absurd to assert that [he] intelligently understood the charge he pled to if the proposed agreement was something completely different . . . ."

Medina attached to the motion a declaration in which he claimed his trial counsel told him to accept the plea agreement, but he did not "really know 100% of what was going on." According to Medina, his counsel told him there "would be some changes to the charges that were in my favor. She told me I would get a two-year sentence and that with the credits I had, I would be out of custody almost immediately. So, I just followed what my public defender said to do and say." Medina claimed he first realized he pleaded to simple possession of drugs after speaking to the criminal attorney he hired in connection with his immigration matter.

The superior court denied Medina's motion without conducting a hearing. The court explained that Penal Code section 1192.5 does not include a mechanism for moving to withdraw a plea and vacate a conviction many years after the sentence has been served. Nevertheless, the court construed the motion as a petition for writ of error *coram nobis*. The court found Medina was not entitled to relief because he "makes no attempt to show that the facts upon which he relies were not known to him, and could not in the exercise of due diligence have been discovered by him, at any time substantially earlier

4

than the time of the instant motion. [Medina's] plea was entered over 20 years ago. It is feasible that with the exercise of due diligence, [Medina] could have been aware of the facts giving rise to the instant motion long before it was filed. [Medina] does not state when he first became aware of the facts giving rise to the instant petition."

Medina timely appealed.[2]

## DISCUSSION

"The writ of error *coram nobis* is a nonstatutory, common law remedy whose origins trace back to an era in England in which appeals and new trial motions were unknown." (*People v. Kim* (2009) 45 Cal.4th 1078, 1091 (*Kim*).) "[T]he writ's purpose 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.' " (*Ibid*., quoting *People v. Adamson* (1949) 34 Cal.2d 320, 326–327.)

The petitioner must meet several requirements to be entitled to relief. First, he " 'must "show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which

---

[2] The Attorney General argues the court's order denying Medina's statutory motion to vacate is not appealable. We need not decide that issue because Medina does not contend he is entitled to statutory relief. Instead, he urges us to construe his motion as a nonstatutory petition for writ of error *coram nobis*, which is appealable. (See *People v. Allenthorp* (1966) 64 Cal.2d 679, 683 [a "trial court's denial of a petition for writ of error *coram nobis* is an appealable order"].)

5

if presented would have prevented the rendition of the judgment." ' " (*Kim, supra,* 45 Cal.4th at p. 1093, quoting *People v. Shipman* (1965) 62 Cal.2d 226, 230.) Second, he must " 'show that the "newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial." ' " (*Ibid.*) Third, he " ' "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ . . . ." ' " (*Ibid.*) The "burden falls to defendant 'to explain and justify the delay.' " (*Kim,* at p. 1096, quoting *People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1618.) "The diligence requirement is not some abstract technical obstacle placed randomly before litigants seeking relief, but instead reflects the balance between the state's interest in the finality of decided cases and its interest in providing a reasonable avenue of relief for those whose rights have allegedly been violated." (*Kim,* at p. 1097.)

We review the denial of a petition for writ of error *coram nobis* for an abuse of discretion. (*Kim, supra,* 45 Cal.4th at p. 1095.)

Here, Medina failed to show due diligence, and the superior court properly denied his petition on that basis. Medina's motion to vacate was premised on two purported errors during his 1998 plea hearing: (1) the trial court did not make a sufficient inquiry into the factual basis for his pleas as required under Penal Code section 1192.5; and (2) the trial court referred to section 11350, rather than section 11351, while taking his plea on count 2. Medina was present and represented by counsel at the plea

6

hearing, and he does not contend his interpreter made a mistake or that he somehow misheard the court. As a result, Medina was aware, or at least should have been aware, of all the relevant facts more than 20 years before he filed his motion. That he may not have fully understood the legal significance of those facts until much later is immaterial. (See *Kim, supra*, 45 Cal.4th at p. 1093 ["For a newly discovered fact to qualify as the basis for the writ of error *coram nobis*, we look to the fact itself and not its legal effect."].)

Even if Medina had shown due diligence, his claims fail for other reasons. As Medina acknowledges, his motion to vacate was premised on purported legal errors during the plea hearing, which he could have raised on direct appeal. (See *People v. Holmes* (2004) 32 Cal.4th 432, 443.) The writ of error *coram nobis*, however, " 'does not lie to enable the court to correct errors of law.' " (*Kim, supra*, 45 Cal.4th at p. 1093.) Nor is writ relief available when the petitioner could have raised the claim on direct appeal. (*Ibid*.)

Aware of the problems with his original motion, Medina asserts a new argument on appeal: he is entitled to relief because the trial court sentenced him under the wrong statute. Specifically, he insists that as part of his plea deal, the parties agreed he would plead guilty to a violation of section 11350, rather than section 11351. Therefore, he argues, the trial court properly took his plea under section 11350, but mistakenly sentenced him under section 11351.[3]

---

[3] Confusingly, Medina suggested throughout his motion to vacate that the parties agreed he would plead guilty to a violation of section 11351, but the trial court mistakenly referred to section 11350 while taking his plea.

Medina's contention finds no support in the record. The People alleged in count 2 of the information that Medina violated section 11351. Unlike count 1, the prosecutor did not move to amend count 2. Nor is there anything in the record even suggesting the parties contemplated that Medina would plead to violating section 11350. Medina, in fact, asserted in his declaration that he did not realize he had pleaded to simple possession until more than 20 years after the fact, which is inconsistent with his current claim that he always intended to plead to the lesser offense. The trial court, moreover, twice referred to section 11351 during sentencing and imposed the low term under that statute as the base term. Neither Medina, his counsel, nor the prosecutor objected.

On this record, is it clear that Medina intended to plead guilty to a violation of section 11351, and the trial court simply misspoke when it referred to section 11350 while taking his plea. The court's mistake is akin to a clerical error, which does not invalidate the judgment. (See *People v. Menius* (1994) 25 Cal.App.4th 1290, 1294–1295 [the trial court's inadvertent reference to the wrong subdivision during sentencing did not require reversal]; *People v. Powell* (1991) 230 Cal.App.3d 438, 442 [the court's reference to the wrong statute while pronouncing judgment was a clerical error subject to correction].) As a result, it does not entitle Medina to a writ of error *coram nobis*. (See *Kim, supra*, 45 Cal.4th at p. 1093 [for *coram nobis* relief, the petitioner must show the existence of a fact that would have prevented the rendition of judgment].)

Medina alternatively requests we correct two errors in his abstract of judgment. Specifically, he contends the abstract of judgment erroneously states he was convicted of violating

8

section 11351 and Penal Code section 245, subdivision (c). According to Medina, he was actually convicted of violating section 11350 and Penal Code section 245, subdivision (a).

We agree with Medina that the abstract of judgment should be corrected to reflect that he was convicted of violating Penal Code section 245, subdivision (a). The record shows that, before taking Medina's plea, the court granted the prosecutor's motion to amend count 1 from a violation of Penal Code section 245, subdivision (c), to a violation of Penal Code section 245, subdivision (a). The court then referred exclusively to Penal Code section 245, subdivision (a) while taking Medina's plea and sentencing him. The reference to Penal Code section 245, subdivision (c) in the abstract of judgment is clearly a clerical error, and it must be corrected to reflect the court's oral pronouncement of judgment. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [a reviewing court may order the correction of clerical errors in an abstract of judgment at any time]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls."].)

The record, however, does not support Medina's claim that he was convicted of violating section 11350, rather than section 11351. As discussed above, it is clear that Medina intended to plead guilty to a violation of section 11351, and the court simply misspoke when it referred to section 11350 while taking his plea. Although the court did not recognize its error, it correctly sentenced him under section 11351. The abstract of judgment, therefore, need not be corrected.

9

## DISPOSITION

We affirm the superior court's order.  We remand the case to the superior court to prepare an amended abstract of judgment reflecting that Leonel Medina was convicted of violating Penal Code section 245, subdivision (a), rather than Penal Code section 245, subdivision (c).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.

10